[No. 15363.    Department Two.—February 27, 1894.]

# THE LONDON, PARIS, AND AMERICAN BANK, LIMITED, et al., Respondents, *v.* MARY C. SMITH, Executrix, etc., et al., Appellants.

Partnership—Mortgage by Deceased Partner—Suretyship—Surviving Partner.—An action will lie against the executrix and heirs of a deceased partner, to foreclose a mortgage made by the deceased partner upon his individual real estate, as surety for the firm, to secure all sums of money then or thereafter becoming due from the firm to the mortgagee, without first exhausting the liability of the surviving partner.

Id.—Separate Suit Against Surety.—A surety may be sued separately, and the creditor is not required first to proceed against or exhaust his remedies against the principal debtor, unless some special circumstance requires a departure from the general rule as to necessary parties.

Id.—Parties—Surviving Partner.—The surviving partner is a proper party to an action to foreclose a mortgage made by a deceased partner of his individual property to secure the firm indebtedness, but is not a necessary or indispensable party thereto, and need not be made a party where the pleadings admit the nonresidence of the surviving partner, and that there are no assets of the partnership within the state where the mortgage is foreclosed.

Appeal from a judgment of the Superior Court of San Mateo County, and from an order denying a new trial.

The facts are stated in the opinion.

*W. G. Witter*, and *Edw. F. Fitzpatrick*, for Appellants.

The debts, liabilities, and obligations of a partnership are joint, and not joint and several. (Civ. Code, sec. 2442; *Northern Ins. Co.* v. *Potter*, 63 Cal. 157; *Gray* v. *Palmer*, 9 Cal. 616; 17 Am. & Eng. Ency. of Law, 1176; 1 Woerner's Law of Administration, 287; Lindley on Partnership, sec. 597, note; *Leake* v. *Lawrence*, 11 Paige, 80; 2 Den. 577.) Upon the death of a partner, the surviving partners, and ultimately the last survivor, or his representatives, must be sued upon contracts made by the firm. (Benbow on Parties, 228, 234; Dicey on Parties, 293, and authorities; Pomeroy on Rem-

edies and Remedial Rights, 302 and 303; Civ. Code, 2442; *Voorhis* v. *Childs*, 17 N. Y. 356.) The bank cannot proceed against the estate of the deceased partner without showing either that the surviving partners have been proceeded against to execution at law, or that they are bankrupt or insolvent, or inability of the bank to realize from the firm assets the amount alleged to be due. (*Voorhis* v. *Childs*, 17 N. Y. 356; *Childs* v. *Hyde*, 77 Am. Dec. 113, 114; *Leake* v. *Lawrence*, 11 Paige, 80; 2 Den. 577; *Sherman* v. *Kreull*, 42 Wis. 33, 38; *Kendall* v. *Rider*, 35 Barb. 100; *Alsop* v. *Mather*, 8 Conn. 584; 21 Am. Dec. 703; *Beaton* v. *Wade*, 14 Col. 4; *Richter* v. *Poppenhausen*, 42 N. Y. 373; *McCulloh* v. *Dashiell*, 18 Am. Dec. 280, and note; 1 Woerner's Law of Administration, 287; Lindley on Partnership, 460, 597, 612; *Graves* v. *Palmer's Exrs.*, 26 Ill. 405; *Higgins* v. *Freeman*, 2 Duer, 650.) The surviving partner should have been made a party defendant.

*Stanly, Hayes, McEnerney & Bradley*, for Respondents.

The surviving partner was not a necessary party defendant. (*Kearsing* v. *Kilian*, 18 Cal. 491; *Gutzeit* v. *Pennie*, 98 Cal. 327.) The plaintiffs were not obliged to exhaust the partnership assets before enforcing the mortgage. (See *Webb* v. *Smith*, L. R. 30 Ch. Div. 192; *Durham* v. *Williams*, 39 Ga. 312; *Tiffany* v. *Crawford*, 14 N. J. Eq. 278; Pomeroy's Equity Jurisprudence, sec. 1414; Tiedeman's Equity Jurisprudence, sec. 532; *Wolf* v. *Smith*, 36 Iowa, 454.) A mortgage by one partner upon separate estate to secure firm debts is good. (*Hardy* v. *Overman*, 36 Ind. 549; *McIntire* v. *Yates*, 104 Ill. 501.)

Haynes, C.—The complaint alleges in substance that on the twenty-fourth day of August, 1885, Andrew Smith applied to the London, Paris, and American Bank, limited, to extend a credit accommodation to the firm of Harrington and Smith, a copartnership which then, and until the death of Andrew Smith in January,

1892, existed and carried on business at Seattle, in the present state of Washington, and to secure the same executed to the plaintiff, David Cahn, a deed conveying to him certain lands situate in the county of San Mateo, in this state, and at the same time, and as part of said transaction, the said grantor and grantee entered into an agreement, reciting, among other things, "that said conveyance is intended to secure the payment to the London, Paris, and American Bank, limited, of all sums of money which are now or may hereafter become due from the party of the first part, or the firm of Harrington and Smith, of Seattle, Washington Territory, with interest, and all costs and charges incurred by said party of the second part, together with interest on all said indebtedness at the rate of eight per cent per annum."

"And it is agreed that so long as the said party of the first part, or the said firm of Harrington and Smith, shall be, or continue to be, indebted to the said London, Paris, and American Bank, limited, from any cause or on any account, that the said party of the second part shall hold the title to said property as security therefor, and that in the event of the failure or refusal of the said Andrew Smith, or of the said firm of Harrington and Smith, at any time to pay to the London, Paris, and American Bank, limited, any sum or sums of money which may be due or payable to it, an action may be brought by the said David Cahn to enforce the payment thereof by a sale of the said premises, and the application of the proceeds to the payment of such indebtedness, together with interest at the rate of eight per cent per annum, and all costs and charges incurred in respect to such property growing out of the preservation thereof, and the enforcement of said lien, with interest, including a reasonable counsel fee."

The complaint sets out several promissory notes alleged to have been made by Harrington and Smith to said bank, the earliest of which bears the date July 5, 1889, and admits certain payments thereon; and also

alleges that at various times during the year 1891 said bank loaned to Harrington and Smith various other sums, amounting in the aggregate to nine hundred and thirty-seven dollars and twenty-three cents; that after the appointment and qualification of the defendant, Mary C. Smith, as executrix, the said claims of the bank, amounting to seventy thousand nine hundred and thirty-seven dollars and twenty-three cents, and interest thereon, were duly presented for allowance, and were rejected, and this action was brought to subject the land to the payment of said claims under the lien created by said deed and contract, and to secure a judgment against the executrix for any deficiency, to be paid in due course of administration. Mary C. Smith is the widow, and the minor defendants the children of Andrew Smith, deceased.

To this complaint the defendants demurred upon the ground that it did not state facts sufficient to constitute a cause of action against them, and also for defect of parties defendant, in that W. A. Harrington, the surviving partner of Harrington and Smith, was a necessary party defendant, and upon the further ground that plaintiffs had not exhausted their remedies against the copartnership, nor presented their claim to the surviving partner. Other technical grounds of demurrer were afterwards cured by amendments to the complaint, and are not urged here.

The demurrer was overruled, and the defendants answered, and among other defenses alleged that the claims mentioned in the complaint had not been established as an indebtedness of the firm of Harrington and Smith in any action brought against the partnership or the surviving partner; that plaintiff should first have recourse against the partnership property before proceeding upon the mortgage deed given by Andrew Smith, and that it was not alleged that the copartnership was insolvent.

Findings were filed, and a decree entered as prayed for in the complaint, except as to a deficiency judgment,

which was waived, and defendants appeal from the judgment and an order denying their motion for a new trial.

Several exceptions were taken to the admission of evidence, raising substantially the same questions which were presented by the demurrer. The only findings necessary to be noticed are to the effect that the business of the firm was conducted at Seattle, in the state of Washington, where Harrington resides; that neither Harrington nor the firm had any assets in the state of California, "and that there is due, owing, and unpaid from the late firm of Harrington and Smith to the plaintiff, the London, Paris, and American Bank, limited, the full sum of fifty-five thousand and twenty-one dollars and ninety-eight cents, for which said mortgaged premises are bound."

Appellant's argument is directed to two propositions: 1. That plaintiff is required first to exhaust the liability of the surviving partner; and 2. That the surviving partner is a necessary party to this action, even if it can be maintained without first proceeding against the surviving partner.

The first proposition presents no serious difficulty. The deed and contract constitute a mortgage, and we will so call it.

This mortgage contained no personal covenant for the payment of the liabilities of the firm. The mortgagor was liable therefor as a partner, but he assumed no new personal obligation.

"A mortgage does not bind the mortgagor personally to perform the act for the performance of which it is a security, unless there is an express covenant therein to that effect." (Civ. Code, sec. 2928.) By executing the mortgage he hypothecated or pledged the land as security for the indebtedness of the firm. If he had given his personal obligation for the payment of the debts of the firm it would be readily understood that he occupied the position of a surety for the firm.

"A surety is one who, at the request of another, and for the purpose of securing to him a benefit, becomes

responsible for the performance by the latter of some act in favor of a third person, or hypothecates property as security therefor." (Civ. Code, sec. 2831; *Hassey* v. *Wilke*, 55 Cal. 528.)

Here the obligation of the surety is several. The mortgage created no new obligation against the firm or the surviving partner. The firm was bound by their promissory notes; the suretyship was created by a separate instrument.

"Persons severally liable upon the same obligation or instrument, including parties to bills of exchange and promissory notes, and sureties on the same or separate instruments, may all, or any, of them be included in the same action, at the option of the plaintiff." (Code Civ. Proc., sec. 383.)

"It is well settled in this state, as elsewhere, that mere delay of the creditor to proceed against the principal will not discharge the surety." (*Bull* v. *Coe*, 77 Cal. 60, and cases cited.)

It is therefore clear that the surety may not only be sued separately, but that it is not required that the creditor shall first proceed against or exhaust his remedies against the principal debtor, unless some special circumstance requires a departure from the general rule as to necessary parties.

The circumstances relied upon to sustain the proposition that the surviving partner is a necessary party are that the mortgage was not given to secure a promissory note or other obligation of the firm set out or described in the mortgage, or a specified sum then admitted by the mortgagor to be due, nor for a specified sum then or thereafter to be advanced or loaned by the mortgagee, but " of all sums of money which are now, or may hereafter become, due from the party of the first part, or the firm of Harrington and Smith, of Seattle, Washington Territory, with interest and all costs and charges," etc.

No part of the indebtedness described in the complaint was incurred for nearly four years after the mort-

gage was given, and no part of it was the individual indebtedness of Andrew Smith.

If the decree herein is paid by appellants in exoneration of the land, or the land is sold under the decree, they will have the right to proceed against Harrington, the surviving partner, for reimbursement or contribution; but in an action for that purpose the surviving partner would not be bound by this decree, and it could not be used in evidence against him to establish the amount of his indebtedness to the bank. The result therefore would be not only that appellants in such action would be obliged to establish the amount of the partnership liability to the bank, but if the amount so established should be less than they had paid to the bank, they would lose the difference; nor could they have recourse against the bank, as they are bound by the decree, whilst the fact might be that the true amount due the bank was less than the decree, but more than their judgment against the surviving partner.

These considerations show, at least, that the surviving partner would be a proper party to the action, and this much is not disputed by respondents. But the question is whether he is a necessary or indispensable party?

In *Shields* v. *Barrow*, 17 How. 130, the court pointed out three classes of parties to a bill in equity, viz:

" 1. Formal parties; 2. Persons having an interest in the controversy, and who ought to be made parties, in order that the court may act on the rule which requires it to decide on and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. These persons are commonly termed necessary parties; but if their interests are separable from those before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties; 3. Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made

without either affecting that interest, or leaving the controversy in such condition that its final termination may be wholly inconsistent with equity and good conscience." (See, also, *Cassidy* v. *Shimmin*, 122 Mass. 411.)

It is clear that the surviving partner is not a necessary party in the sense that he is or would be prejudiced by the decree, since it cannot be enforced against him, and would not be concluded by it in an action brought by appellants for contribution or reimbursement, but he comes within a class of necessary parties, not because of his interest, nor that of the plaintiff, but where his presence as a party is necessary to the full protection of the defendants before the court. In speaking of the subject of necessary parties, Story in his work on Equity Pleading, at section 138, says:

"In the next place, an interest of the absent parties in the subject matter, *ex directo*, which may be injuriously affected, is not indispensable to the operation of this rule; for, if the defendants actually before the court may be subjected to undue inconvenience, or to danger of loss, or to future litigation, or to a liability under the decree, more extensive and direct than if the absent parties were before the court, that of itself will, in many cases, as we shall presently see, furnish a sufficient ground to enforce the rule of making the absent persons parties."

So Chancellor Walworth, in *Bailey* v. *Inglee*, 2 Paige, 279, said:

"Persons are necessary parties . . . . where the defendants already before the court have such an interest in having them made parties, as to authorize those defendants to object to proceeding without such parties."

The complaint, however, alleges the nonresidence of the surviving partner, and that there are no assets of the partnership within this state, and respondents rely upon these averments, which are not denied, as an excuse for not making him a party.

I think this brings the case within well-recognized exceptions to the general rule.

" The first exception to the rule, which we shall notice, is the utter impracticability of making the new or necessary parties. This occurs, of course, when such new parties are without the jurisdiction of the court, and when, consequently, they cannot be reached by the process of the court. In such a case, to require such persons to be made parties would be equivalent to a dismissal of the suit, and amount to a denial of justice. Hence, it is a common rule of the court that, when a person who ought to be a party is out of the jurisdiction of the court, if the fact is stated in the bill, and admitted by the answer, or proved (if denied) at the hearing, that of itself constitutes a sufficient ground for dispensing with his being made a party, and the court will proceed to a decree without him." (Story's Equity Pleading, sec. 78.)

The author in the same section applies it to a bill against a partnership, but adds the qualification: " That it can be done without manifest injustice to the absent partner." (See, also, *Cockburn* v. *Thompson*, 16 Ves. 326; *Towle* v. *Pierce*, 12 Met. 329; 46 Am. Dec. 679; *Milligan* v. *Milledge*, 3 Cranch, 220; *West* v. *Randall*, 2 Mason, 181–90.)

But this case is more clearly within the exception than most of the cases above cited, for the reason that this action is not upon an engagement of the partnership, but to foreclose a mortgage made by Andrew Smith, one of the partners, upon real estate situated here, and which could only be foreclosed in an action brought in the county where the land is situated, and in which the surviving partner has no interest. The mortgage might have contained a condition that the indebtedness should first be ascertained by an action against the firm, or an admission of the amount by the firm, or that a liability under the mortgage should only be for such amount as should remain unpaid after exhausting the partnership liability. In the absence of some restriction of the character indicated, it would be unreasonable to require that plaintiffs should go to another state and exhaust its remedies against the surviving partner, or even ascertain by

judgment the amount of the debt due to it, before proceeding against the surety who had imposed no such condition.

It is not necessary to review the numerous cases cited by counsel for appellants. They apply to actions upon the partnership obligation alone against the estate of a deceased partner, and not, as here, to a several obligation created against the individual property of the deceased partner, whereby he became a surety for the firm. If plaintiffs had insisted upon a deficiency judgment against the estate of Andrew Smith to be paid in due course of administration, these authorities would apply; for as the mortgagor did not covenant that he would pay the debt of the firm, no personal liability was created by the mortgage, and as to any deficiency after exhausting the mortgaged property, the liability could only rest upon the legal liability of the deceased as a partner, and not as a surety.

It is said in appellants' reply brief that jurisdiction of Harrington's person could have been obtained, but it is not shown how. The record discloses no fact justifying the statement.

The judgment and order appealed from should be affirmed.

BELCHER, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.