CALVIN S. CROWELL & another *vs.* CAPE COD SHIP CANAL COMPANY & another.

Barnstable.    March 7, 1895. — September 6, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Cape Cod Ship Canal Co. — Fund for Benefit of Creditors — Parties to Bill in Equity.*

The fund deposited by the Cape Cod Ship Canal Company with the Treasurer of the Commonwealth, agreeably to the provisions of St. 1883, c. 259, § 19, which provides that " the Supreme Judicial Court shall have jurisdiction in equity to

apply said deposit to the payment of any damages caused by the laying out, construction, and maintenance of said canal, and for all claims against said company for labor performed or furnished, and for land or materials taken or used in the construction of said canal," is for the benefit of all persons having claims within the terms of the statute, and, if it is insufficient to pay all in full, it should be divided ratably among them.

A bill in equity brought against the Cape Cod Ship Canal Company and the Treasurer of the Commonwealth to have a judgment recovered against the company paid out of the fund deposited with the company, as required by St. 1883, c. 259, § 19, should, as in the case of a creditors' bill or a suit for the administration of a trust fund, make all persons interested in the fund parties, and, if this is not done, the bill may be treated as brought in behalf of all parties in interest, and an opportunity given them to come in and present their claims.

LATHROP, J.   The St. of 1883, c. 259, incorporating the Cape Cod Ship Canal Company, by § 19, provides for a deposit by the defendant of the sum of $200,000 with the Treasurer of the Commonwealth, and that "the Supreme Judicial Court shall have jurisdiction in equity to apply said deposit to the payment of any damages caused by the laying out, construction, and maintenance of said canal, and for all claims against said company for labor performed or furnished, and for land or materials taken or used in the construction of said canal."

The plaintiffs have recovered a judgment against the Cape Cod Ship Canal Company amounting to $2,260.53, for damages occasioned by the taking of their land for the construction of a canal, and seek by this bill in equity, which is brought against the canal corporation and the Treasurer of the Commonwealth, to have their judgment, with interest, paid out of the sum of $200,000 which was deposited as required by the statute.   It appears from the answers of the defendants, which it is agreed are to be taken as true, that there are other claims pending against the defendant corporation by persons who contend that they are entitled to share in the fund, which, if allowed, will more than exhaust the fund; and the defendant corporation contends that, before the claim of the plaintiffs is ordered to be paid, an inquiry should be had to give all persons interested or claiming to be interested in the fund an opportunity to appear and present their claims, in order that the fund, if not sufficient to pay all claims that may be allowed, may be equitably distributed.

On the facts stated, we have no doubt that the contention of

the defendants should prevail. The fund in question is for the benefit of all persons having claims, within the terms of the statute. If it is insufficient to pay all in full, it should be divided ratably among them.

A bill in equity in such a case as this, as in the case of a creditors' bill, or a suit for the administration of a trust fund, should make all persons interested in the fund parties. *Smith* v. *Williams*, 116 Mass. 510. *Libby* v. *Norris*, 142 Mass. 246. See also *Richmond* v. *Irons*, 121 U. S. 27, 44. If this is not done, the bill may be treated as brought in behalf of all parties in interest, and an opportunity given them to come in and present their claims. *Hallett* v. *Hallett*, 2 Paige, 15, 19.

The case must therefore be remanded to the county court, that an order of notice may issue to all persons interested to present their claims by a certain time.

*So ordered.*

*H. P. Harriman*, for the plaintiffs.
*G. Putnam*, for the defendants.