AMORY A. LAWRENCE & others *vs.* GEORGE E. SMITH
& others.

Suffolk.   December 3, 1908. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Equity Pleading and Practice,* Parties.   *Commonwealth.*

If the Commonwealth has conveyed real estate by a deed containing stipulations
giving to it the right to enter upon the premises and, at the expense of the party at
fault, to remove or alter a building, and a grantee under a second similar deed
seeks by a bill in equity under R. L. c. 96, § 7, to compel the harbor and land
commissioners to enforce such right, the owner of the premises granted under
the first deed, whose stipulations it is attempted to enforce, is a necessary party
defendant.

BILL IN EQUITY, filed in the Supreme Judicial Court for the
county of Suffolk on February 13, 1908.

The case was heard on bill and answer by *Hammond,* J., who
reserved it for determination by the full court, it being agreed
that "the question of proper parties defendant is included in
the reservation." The facts are stated in the opinion.

*R. Homans,* for the plaintiffs.

*D. Malone,* Attorney General, & *F. T. Field,* Assistant Attor-
ney General, for the defendants.

RUGG, J.   This is a proceeding in equity against the board of
harbor and land commissioners, under R. L. c. 96, § 7, which
provides that, "If the Commonwealth has the right under stipu-
lations in a deed given in its name to enter upon premises and,
at the expense of the party at fault, to remove or alter a build-
ing, any of its grantees under similar deeds, their heirs, legal
representatives or assigns may institute proceedings in equity
to compel said board to enforce such stipulations." It is con-
ceded that the plaintiffs belong to the class enabled by this
section to institute proceedings under it. They allege that one
Safford has, contrary to the condition inserted in the deed from
the Commonwealth through which he claims as heir or assign,
erected a fire escape over a certain passageway in the rear of his
estate on Newbury Street, and that, they having asked the de-
fendants to enter upon the premises of Safford and remove the

fire escape, and the board having refused to comply with the request, this bill is brought. The reason given by the board for their refusal to act is that they are doubtful of their right to proceed in the premises, for that the passageway, originally laid out by the Commonwealth and required to be kept open by its deed, has been laid out as a public alley by the city of Boston under St. 1898, c. 298, and that the premises of Safford, upon which the plaintiffs claim the obstruction of the passageway exists, is subject to St. 1892, c. 419, § 82, St. of 1897, c. 310, § 1, and St. 1900, c. 335, § 2, whereby the owner was obliged to construct fire escapes, and the board is ignorant whether under provisions of these several statutes it has a right to proceed as the plaintiffs request.

The plaintiffs urge that it is the duty of the defendants to take down the obstructions and relieve them from the expense and responsibility of this proceeding. The defendants are a public board charged with important duties in respect of the stipulations contained in deeds like those referred to in this bill. They would have the right to take the initiative. The Attorney General might institute proceedings in his own name to the same end. *Attorney General* v. *Williams*, 140 Mass. 329. *Attorney General* v. *Algonquin Club*, 153 Mass. 447. But for reasons which seemed to them as responsible public officials of controlling weight, they have not in this instance undertaken to do so.

It is obvious that Safford is a party vitally interested in the question presented. If the court should proceed upon the pleadings as they now stand and should reach a conclusion in favor of the plaintiffs, the decree necessarily entered would order the defendants to remove the fire escape; but such a decree might affect the property rights of Safford without his having been given an opportunity to be heard respecting it, or it might involve the court in a review of its decision at the instance of a new party whose interest was apparent at the time of the first decision. It is a fundamental principle of equitable procedure that a court will not proceed to a final determination, which may affect third persons, without causing them to be made parties to the bill in order that after a hearing, at which they have had their day in court, their claims may be adjudicated. The only way in which a decision can be reached, which shall be con-

clusive and binding upon all parties in interest, is by first joining Safford as a party. A decree should be entered permitting the plaintiffs to amend by making Safford a party, and then the case is to stand for a hearing upon its merits.

*So ordered.*