(No. 21326.—

KATHRYNE HAUSER, Appellant, *vs.* JAMES W. POWER *et al.* Appellees.

*Opinion filed December 23, 1932.*

CAREY E. BARNES, for appellant.

BARBER & BARBER, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The circuit court of Sangamon county sustained a demurrer to a bill for the construction of the third item of the will of John E. Power and dismissed the bill for want of equity. The complainant, Kathryne Hauser, appealed to this court, a freehold being involved.

The testator died on November 25, 1898. He left a widow, and his heirs were three minor children. After directing the payment of his debts and funeral expenses and devising to his wife dower and homestead in his real estate, he provided by the third item of his will as follows: "Subject to the above mentioned rights of my said wife, I give and devise unto my beloved son, James W. Power, for and during the term of his natural life and at his death to the heirs of his body the following real estate, to-wit: [Describing certain land in Sangamon and Christian counties.] Should my said son James W. Power die leaving no heirs of his body him surviving the lands above mentioned in this item shall revert to my heirs-at-law and be divided among them in fee simple."

On November 15, 1900, James W. Power was married to Kathryne Alkire, who is the appellant. They had only one child, James A., who died on July 29, 1919. On July 27, 1906, Kathryne and James W. were divorced and afterward Kathryne married George Hauser. After the birth of James A., James W. and the other heirs of John E. executed conveyances of the real estate described in the third item of his will to Frank C. Reilly for the purpose of destroying the interest of James A. or his heirs in that real estate, and Reilly conveyed all of it to Charles P. Power, who now claims to be the owner in fee simple, and he on February 27, 1931, together with his wife, executed

a mortgage on a part of it for $28,000. The prayer of the bill is that the court will construe the will and determine the interest of the devisees in the premises.

James W. Power, the life tenant, Charles P. Power, who now claims to be the owner of the land in question, Frank C. Reilly, the grantee in the deed of the premises by the life tenant and the reversioners and the grantor in the deed to Charles P., and June Reilly, his wife, who was also one of the reversioners, were made defendants to the bill. The life estate devised by the will has ended by the death of James W., who died after the filing of the bill. The mortgagee in the mortgage alleged in the bill to have been executed by Charles P. on February 27, 1931, is not made a party to the bill.

The appellant contends that by the common law James W. Power would have become seized in fee tail of the land described in the third item of the will, and that section 6 of the Conveyance act would convert the estate tail into a life estate in him, with a remainder in fee simple to the person or persons to whom the estate tail would pass first on the death of the first grantee, according to the course of the common law; that because there was no person in being in whom the remainder could vest at the testator's death the remainder was contingent and the reversion was in the heirs of the testator; that upon the birth of James A. the remainder vested in him in fee simple and the reversion was destroyed; that upon the death of James A. the title passed by inheritance to his heirs-at-law, who were his father and mother, and that the last sentence of the third item of the will is either void as a devise or is an alternative contingent remainder, which was destroyed when the first contingent remainder to the heirs of the body of James W. became vested in James A. The appellees contend that the estates created by the third item of the will were alternative contingent remainders to the heirs of the body of James W. and the heirs of the testator; that the

words "heirs of his body" are not used as words of limitation, and the rule in *Shelley's case* has no application, but if that rule is applicable, the gift over to the testator's heirs is sustainable as an executory devise.

The decree must be reversed because of the non-joinder of the mortgagee to whom the mortgage of February 27, 1931, was made. He is a necessary party and is not joined as a defendant. It is a fundamental principle in all proceedings, whether common law, statutory or equitable, that a person must have an opportunity of being heard before a court can render judgment against him. The bill attacks the title to the undivided half of the land included in the mortgage, and the mortgagee is entitled to his day in court, to notice and a hearing before a decree can be made which will deprive him of any part of the security pledged for the obligation for which the mortgage was given. The interest of the mortgagee is therefore involved in determining whether the mortgagor held the title to all the land mortgaged or to an undivided half of it, only. Where a party has been omitted whose presence is so necessary that a final decree cannot be entered without necessarily affecting his interests the court should not proceed to a decision of the case on the merits. The objection may be made by a party at the hearing, and the court will upon its own motion take notice of the omission and require the omitted party to be made a party to the litigation even though no objection is made by any party litigant. *Stripe* v. *Yager,* 348 Ill. 362; *Hansen* v. *Swartz,* 345 id. 609; *Gaumer* v. *Snedcker,* 330 id. 511; *Mortimore* v. *Bashore,* 317 id. 535; *McMechan* v. *Yenter,* 301 id. 508; *Abernathie* v. *Rich,* 229 id. 412.

The decree is reversed and the cause remanded to the circuit court of Sangamon county, with directions to permit the appellant to amend her bill and make the mortgagee a party if she so desires, otherwise to dismiss the bill without prejudice. *Reversed and remanded, with directions.*