[Civ. No. 18424.   Second Dist., Div. Two.   May 16, 1951.]

SECURITY-FIRST NATIONAL BANK OF LOS AN-
GELES (a Corporation), as Trustee, Petitioner, v. THE
SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent; CORA ST. CLAIR, Real Party in Interest.

Lindstrom & Bartlett and J. W. McKinley for Petitioner.

Harold W. Kennedy, County Counsel, and William E.
Lamoreaux, Deputy County Counsel, for Respondent.

Warren E. Libby for Real Party in Interest.

WILSON, J.—In an action for declaratory relief, for re-
formation and for cancellation of a declaration of trust,
entitled *Cora St. Clair* v. *Security-First National Bank of Los
Angeles,* a corporation, as trustee, and Leonard St. Clair, the
superior court made an order directing the bank to make
certain designated payments to and for the benefit of the
beneficiary out of a fund held by it as trustee under the decla-

ration of trust. The validity of such order is the sole question for decision here.

The trust was established in February, 1929, with Cora St. Clair as the trustor and defendant Security-First National Bank of Los Angeles (petitioner here) as trustee. The corpus of the trust consisted of 300 shares of the common capital stock of the St. Clair Estate Company. The trust agreement provided that the trustee "shall pay the entire net income received from the trust estate hereof and available for distribution, in equal monthly payments . . . to the Trustor" and upon her death to "pay and distribute said net income to Leonard St. Clair Cooper, son of the Trustor, until he becomes thirty (30) years of age." The declaration of trust further provided that the trust "shall finally cease and terminate upon the death of the Trustor after her said son shall have reached the age of thirty (30) years, and thereupon the entire corpus of this trust, together with the undistributed net income therefrom, shall, by said Trustee, be distributed to him."

In 1938 Cora St. Clair instituted the instant action. On July 20, 1949, she filed her third amended and supplemental complaint to which answers were filed by both defendants. In paragraph V of that complaint plaintiff alleges that a controversy has arisen relating to the legal rights and duties of the respective parties with respect to the declaration of trust in the following particulars:

"(a) That at the time of the creation of said trust and the execution and acceptance of said Declaration of Trust, the said Trustee and plaintiff understood that all dividends paid by said Estate Company [St. Clair Estate Company] to the Trustee as the owner of said three hundred (300) shares of stock were to be considered as income and that after making the proper deductions therefrom as provided for in said trust, the net income remaining was to be paid to plaintiff, and at all times since the execution of said Declaration of Trust and prior to the commencement of this action all monies received by said Trustee as dividends have been paid to plaintiff as income; but said Trustee is now raising the question as to what portion, if any, of said monies received by it and paid or to be paid to plaintiff is 'net income' under the terms used in said Declaration of Trust as specifying monies to be paid to said plaintiff and what portion thereof, if any, represents 'capital assets' as contemplated by said Declaration of Trust

and to be accumulated for the benefit of the remainderman, the defendant Leonard St. Clair.

"(b) That at the time of the execution of said Declaration of Trust plaintiff was told by the Trustee and, for that reason, has at all times since, understood and contended that the only corpus of said Trust was such distributions to the stockholders of said corporation as were exclusive of dividends, and that such was the meaning of the clause 'capital assets as distinguished from dividends' as used in said Declaration of Trust, and that this would limit the corpus of said Trust to $6,000.00, the original capital represented by said stock. That at the same time plaintiff was also told by said Trustee that any and all sums received by said Trustee excepting that paid in liquidation of said amount of $6,000.00 would be 'dividends, interest and income from the trust property' from which would be deducted taxes and the expenses of said trust, and that the balance remaining would be the 'net income' to be paid plaintiff by said Trustee under the terms of said Declaration of Trust, but said Trustee now contends to the contrary.

"(c) Plaintiff contends that the only corpus or 'capital assets' of said trust as contemplated by said Declaration of Trust consists of $6,000.00; that $6,000.00 represents the original capital represented by said three hundred (300) shares of common capital stock of the Estate Company, and that any and all sums received by said Trustee excepting that paid in liquidation of said amount of $6,000.00 as representing the capital of said Estate Company is 'dividends' or 'income' or 'net income' as contemplated and defined in said Declaration of Trust, but that said Trustee contends to the contrary."

By its answer the defendant bank "admits that it is raising the question as to what portion, if any, of the monies received by it are net income, and what portion, if any, of the monies received represent 'capital assets'" and denies every allegation contained in subdivision (b).

The action has never been brought to trial. On November 3, 1950, plaintiff, Cora St. Clair, joined by defendant Leonard St. Clair, petitioned the superior court for an order directing the trustee to pay out of the account entitled "Receipts on Assets Received in Dissolution of St. Clair Estate Company" (1) the income taxes assessed against her by the federal government in the sum of $1,117.51 with accrued interest; (2) to pay her the entire balance held by the trustee in the account; (3) to pay her pending the trial of her action, monthly, the entire net balance remaining in the account after

deducting reasonable fees for its services as trustee. In her petition she alleged that from the inception of the declaration of trust and continuing thereafter throughout the year 1948, the entire corpus of the trust consisted of 300 shares of the common stock of St. Clair Estate Company; that on or about December 23, 1938, the Estate Company adopted resolutions to dissolve and on or about January 6, 1939, all the parties to the action, as petitioners, filed in the superior court, in and for the county of Kern, a shareholders' petition for court supervision of winding up proceedings of the Estate Company; during the year 1949 the trustee, as owner of the 300 shares of Estate Company stock, received from that company in final distribution assets of a distributive value of $119,917.21; subsequent to the distribution of such assets there has been paid to the trustee income consisting of dividends and oil royalties upon the assets so distributed amounting to $5,515.92 as of August 15, 1950, and since that date additional dividends and oil royalties amounting to not less than $1,000.

No answer to this petition was filed by defendant bank and the superior court issued its order to show cause. Upon the hearing of the petition and the order to show cause the court issued its order of January 16, 1951, directing the trustee to make the payments as prayed for in the petition.

Defendant bank thereafter filed its "Notice of Motion for Order Vacating Order of January 16, 1951; for Order Bringing in Additional Parties Defendant or for Dismissal of Action." Defendant's motion was denied and it thereupon filed this petition to review and annul the order of the superior court upon the ground that it is a nullity because (1) it construes the declaration of trust in advance of trial; (2) it is a "hybrid preliminary order purporting to function as a piece-meal final judgment"; and (3) parties indispensable to jurisdiction are lacking.

Defendant contends that one of the principal issues to be determined in the pending action is whether the assets in the hands of the trustee are principal or income; that by its order the superior court has adjudicated this issue without trial and in so doing has exceeded its jurisdiction; that the order, "prior to entry of final judgment in the lawsuit is in effect a purported piecemeal money judgment, the consequences of which are serious and irreparable both to the trustee and to the remaindermen of the trust." Plaintiff asserts that what part or portion of the distributions by St. Clair Estate Company upon its being dissolved is income as opposed to corpus, is the question sought to be determined by

the declaratory relief action and that no question as to whether the "receipts on assets received in dissolution of St. Clair Estate Company" are income or corpus of the trust is in any way an issue under the first count of the declaratory relief action. In her complaint she alleges that it was the understanding of the parties that all *dividends* paid by the Estate Company to the trustee as owner of the 300 shares of its stock were to be considered as income and that the trustee is now raising the question as to what portion if any of *such* moneys received by it and paid or to be paid to plaintiff is net income and what portion represents capital assets.

The fund which the court has ordered the bank to disburse does not consist of dividends paid by the Estate Company but consists of dividends and oil royalties received by the bank upon the $119,917.21 in assets distributed to it upon the final dissolution of the St. Clair Estate Company in 1949. Whether all the assets distributed to the bank by the Estate Company are capital or whether, as contended by plaintiff, only $6,000 thereof is capital or whether all or any part of any dividends paid by the Estate Company constituted capital or income, which are the issues raised by the third amended and supplemental complaint and the answers thereto, has not been determined by the order of January 16, 1951. The trust agreement provides, in paragraph III thereof, that "In the event the St. Clair Estate Company shall be dissolved, or shall for any reason make, at any time, and from time to time, distributions of its capital assets as distinguished from dividends, then in any and all of such events, the said capital distributions which are not income shall by said trustee, be held as corpus of this trust, subject to all the terms and conditions hereof, and any income dividends [shall be] distributed to the trustor." By its decree the court merely ordered the trustee to comply with its duties as trustee and to pay to the beneficiary, pursuant to the plain and unambiguous terms of the trust agreement, that which is incontrovertibly income upon assets held by it. Whether it be finally determined that those assets are all capital distributions and therefore constitute corpus or whether it be determined that part of such assets are capital distributions and the balance net income, the dividends and oil royalties upon such assets, whatever they may be, are income to which the beneficiary is entitled under the terms of the declaration of trust.

The contention of the bank that the court exceeded its jurisdiction and that the order of January 16, 1951, is void

because of nonjoinder of indispensable parties, is predicated upon its misconception that the court was deciding an issue affecting the rights or interests of contingent remaindermen. The declaration of trust provides that the trust ''shall finally cease and terminate upon the death of the Trustor after her said son shall have reached the age of thirty (30) years, and thereupon the entire corpus of this trust, together with the undistributed net income therefrom, shall, by said Trustee be distributed to him . . . If, upon the death of the Trustor, her said son be not then living, distribution of such principal and income shall, by said Trustee, be made in accordance with the terms and provisions of her Last Will and Testament, and should she die intestate, then distribution thereof shall be made in accordance with the laws of Succession of the State of California then in full force and effect.'' It is conceded that Leonard St. Clair has reached the age of 30 years. The bank asserts that should Leonard predecease his mother and she die intestate, her three brothers and the issue of Leonard would be her heirs at law; that as such they have an interest in the trust as contingent remaindermen and are therefore necessary and indispensable parties; that since Leonard has joined with his mother in her petition there can be no virtual representation of these two classes of potential heirs.

█ █ As has been hereinabove pointed out the court did not determine any issue which would affect potential beneficiaries of the trust. Indispensable parties are such persons as have undetermined interests in the same trust fund. (*Bank of California* v. *Superior Court*, 16 Cal.2d 516, 521 [106 P.2d 879] ; *Ambassador Petroleum Co.* v. *Superior Court*, 208 Cal. 667, 671 [284 P. 445].) The parties who the bank contends are indispensable may be necessary to a trial of the pending action, a question which we need not determine at this time, but Cora St. Clair is the only person entitled to any of the income from the trust during her lifetime. The court by ordering the trustee to pay the income to her in accordance with the terms of the trust agreement did not in any way diminish the share in which any contingent remainderman might have an interest.

Order of superior court affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied June 1, 1951, and petitioner's application for a hearing by the Supreme Court was denied July 12, 1951. Edmonds, J., and Schauer, J., voted for a hearing.