Fence Company of America, Plaintiff, v. Scott-Ballantyne Company et al., Defendants.
C. J. Tiernan, Trading as Engineering and Material Company, Plaintiff-Appellee, v. E. J. Williams, W. W. Allen and Fort Drive-In Theatre, Inc., Defendants-Appellants.

Gen. No. 9,865.

467

Opinion filed March 3, 1953. Rehearing denied April 1, 1953. Released for publication April 1, 1953.

LYBARGER & COLLINS, of Bushnell, for appellants.

LEONARD C. BERRY, of Macomb, for appellee.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

This cause comes to this court on appeal from a judgment and decree entered by the circuit court of McDonough county, Illinois, in favor of the plaintiff-appellee, C. J. Tiernan, doing business as Engineering & Material Company and against the defendants-appellants, E. J. Williams, W. W. Allen and Fort Drive-In Theatre, Inc., a corporation. The judgment was for $6,990.05 plus three-fourths of the court costs, and in addition it was decreed that a mechanic's lien be held to exist in favor of the said C. J. Tiernan against the leasehold interest of the said defendants in and to certain real estate.

Fence Company of America and Scott-Ballantyne Company, were materialmen who furnished materials for the erection of a drive-in theatre constructed by the defendants Earl J. Williams, W. W. Allen and the Fort Drive-In Theatre, Inc. The Fort Drive-In Theatre is a corporation formed by the defendants Williams and Allen after the construction of the drive-in theatre. David H. Collins and Lois Collins are the owners of

the real estate on which the drive-in theatre was built and had leased the said real estate to the said Williams and Allen, and their wives for a ten-year term. Fence Company of America originally brought a suit against the Scott-Ballantyne Company, a corporation, Fort Drive-In Theatre, Inc., Earl J. Williams, Weldon A. Allen, David H. Collins and Lois Collins, his wife, to enforce a mechanic's lien for materials furnished. Tiernan was allowed to interplead in the suit by the Fence Company of America, inasmuch as he had previously filed a claim for mechanic's lien against the real estate on which the theatre was built. At the time Tiernan filed his intervening petition in the *Fence Company of America* case, there was pending in the circuit court of McDonough county, a suit by Tiernan against the Fort Drive-In Theatre, Inc., and E. J. Williams and W. W. Allen, based upon a written contract between them. Subsequently Scott-Ballantyne Company and one Charles Hanan had followed up their claims for mechanic's liens by filing suits against the defendants Fort Drive-In Theatre, Inc., Earl J. Williams and W. W. Allen. The suits and claims of all materialmen and labor claimants and the two suits of Tiernan were consolidated by order of court and the cause referred to the master for proofs and findings. The master in chancery in his report found that the Fence Company of America was indebted to Charles Hanan in the sum of $782.79; that the defendants Earl J. Williams, W. W. Allen and Fort Drive-In Theatre, Inc., were indebted to the plaintiff Tiernan in the sum of $6,793.37. Objections to the report were overruled and the trial court found that the defendants E. J. Williams, W. W. Allen and Fort Drive-In Theatre, Inc., a corporation were indebted to the plaintiff Tiernan in the amount of $5,020.80, with interest in the amount of $397.48 under the original contract between the parties; that the said E. J. Williams, W. W. Allen

and Fort Drive-In Theatre, Inc., were indebted to the plaintiff Tiernan, for extras performed by him, in addition to the terms of the original contract, in the sum of $1,571.77; that there existed a valid mechanic's lien in favor of plaintiff Tiernan against the leasehold interest of the defendants E. J. Williams, W. W. Allen and Fort Drive-In Theatre, Inc., a corporation, in the amount of $6,592.52; that Fence Company of America was indebted to Charles Hanan in the amount of $782.79, plus interest of $60.67; that the costs should be borne one-fourth by Fence Company of America and three-fourths by the defendants E. J. Williams, W. W. Allen and Fort Drive-In Theatre, Inc., a corporation. Judgment on the findings of the court were awarded in the amount of $6,990.05 for Tiernan and $843.43 for Hanan and for costs apportioned one-fourth against Fence Company of America and three-fourths against Williams, Allen and the Drive-In Theatre. The court further ordered that Tiernan held a valid lien against the leasehold interest. From that judgment and order the defendants Williams, Allen and the Fort Drive-In Theatre, Inc., appeal to this court.

The appellants assign the following errors. (1) The court did not have jurisdiction to decree a mechanic's lien against a leasehold interest and the court erred in granting Tiernan a partial reference to the master in chancery. (2) The court erred in allowing the plaintiff to recover the value of the well. (3) The court erred by failure to decree the loss of the screen tower due to windstorm damages as Tiernan's loss. (4) The court erred in allowing Tiernan to recover for the bituminous surfacing and 270 feet of water service. (5) The court erred in failing to construe the contract as a "cost plus" contract. (6) The court erred in allowing Tiernan to recover interest. (7) The judgment was improper and erroneous.

██ Nos. 2, 3, 4 and 5 of the errors assigned, go to the question of findings of fact by the trial court. It has long been the law of this State and we have repeatedly held that a reviewing court will not disturb findings of fact of a trial court, unless the finding is clearly and palpably erroneous. *Western & Southern Life Insurance Co. v. Brueggeman,* 323 Ill. App. 173; *City of Quincy v. Kemper,* 304 Ill. 303; *Bellm v. Henry,* 336 Ill. App. 525. The chancellor's finding on conflicting evidence and not contrary to the weight of evidence must be sustained on appeal. *Sullivan v. Morey,* 326 Ill. App. 553; *Krutz v. Bour,* 167 Ill. 536; *Lurie v. Newhall,* 333 Ill. App. 173; *Hubele v. Baldwin,* 332 Ill. App. 330. The findings of the trial court as to the matters involved in Nos. 2, 3, 4 and 5 of the errors assigned were findings of fact, where the evidence was conflicting and this court will not disturb the findings of the trial court. No. 7 of the errors assigned is a general claim, not supported by authorities or argument, and will not be considered. Taking up the others in their order, the first is the question of the jurisdiction of the court to decree a mechanic's lien against a leasehold interest, and to order a partial reference to the master in chancery. In support of this contention, the appellants cite section 11 of chapter 82, Illinois Revised Statutes, 1951 [Jones Ill. Stats. Ann. 74.11]. This section provides that all persons who may have any legal or equitable claim to the whole or any part of the premises upon which a lien may be attempted to be enforced under the provisions of the mechanic's lien law, or who are interested in the subject matter of the suit, shall be made parties defendant. While Margaret Williams, wife of E. J. Williams, and Marie Allen, wife of W. W. Allen, were lessees under the lease agreement of the real estate on which the drive-in theatre was built, they at no time were made parties defendant. Certainly they had an interest. The question before

this court is whether they were necessary parties in this suit. The trial court held that a mechanic's lien be held to exist in favor of Tiernan against the leasehold interest of E. J. Williams, W. W. Allen and Fort Drive-In Theatre, Inc., a corporation, on the real estate on which the theatre was built. Executions were ordered to issue. It would seem impossible to execute the decree awarding the mechanic's lien against Williams, Allen and the Fort Drive-In Theatre, Inc., a corporation, without destroying the equity of the wives, Margaret Williams and Marie Allen. In *Leffers v. Hayes*, 327 Ill. App. 440, the court there said: "As to the question of whether the defendant's wife was a necessary party, section 11 of the Mechanics' Lien Act, (Ill. Rev. Stat. 1945, ch. 82, par. 11 [Jones Ill. Stats. Ann. 74.11]), provides: 'The plaintiff or petitioner shall make all parties interested, of whose interest he is notified or has knowledge, parties defendant . . . . Parties in interest, within the meaning of this act, shall include . . . all persons who may have any legal or equitable claim to the whole or any part of the premises upon which a lien may be attempted to be enforced under the provisions thereof, or who are interested in the subject matter of the suit.' The statute contemplates but one suit, and that all persons who are known to have any interest, either legal or equitable, in the land, shall be joined as parties. (*Granquist v. Western Tube Co.*, 240 Ill. 132, 138.) In *Kimball v. Cook*, 1 Gilm. 423, cited with approval in the *Granquist* case, it was held that under this statute, requiring 'all parties in interest' to be made parties to the petition, all persons whose interest, either legal or equitable, direct or remote, may by any possibility be affected by the proceeding were necessary parties, as much as in any chancery suit whatever. See also *Williams v. Chapman*, 17 Ill. 423. In *Weston v. Weston*, 46 Wis. 130, it was held that the wife of the defendant was a necessary

472

party to a proceeding to foreclose a mechanic's lien. . . . Under the record before us, our conclusion is that the wife of the defendant was a necessary party, and it was error to proceed without her. (*Hauser v. Power,* 351 Ill. 36, 39.) . . . The court will upon its own motion take notice of the omission and require the omitted necessary party to be made a party to the suit. (*Gaumer v. Snedeker,* 330 Ill. 511, 515; *Hauser v. Power,* 351 Ill. 36.)'' This court must find that Margaret Williams and Marie Allen were necessary parties to this suit.

██ The contention that a partial reference could not be made is apparently based upon the rule of law enunciated in the case of *Granquist v. Western Tube Co.,* 240 Ill. 132. We can see no impropriety in a partial reference to the master in chancery, provided the claims of all were consolidated in one suit and the decision applied to all. If the court desired to take up the various claims piecemeal, that would be within the power of the court provided the final decision disposed of all claims.

██ The claim that the court erred by allowing interest on the amount owed does not seem to have much merit as the court in considering the conflicting evidence as to the claim, is within its province in allowing interest.

In conclusion, the judgment of the trial court as to the money judgment is affirmed but as to the decree establishing a mechanic's lien, because of the lack of necessary parties, it must be reversed.

It is our conclusion that the costs of this appeal are hereby ordered taxed against the defendants-appellants.

*Reversed in part, affirmed in part and remanded.*

MR. JUSTICE CARROLL took no part in the consideration or decision of this case.