WILLIAM G. KRUTZ, Jr.

*v.*

JOHN N. BOUR.

*Filed at Ottawa May 11, 1897—Rehearing denied October 12, 1897.*

APPEALS AND ERRORS—*chancellor's finding of facts on conflicting evidence will not be disturbed.* A finding of facts on conflicting evidence by a chancellor who saw the witnesses and heard them testify will not be disturbed by the Supreme Court on appeal, unless the evidence is clearly to the contrary.

APPEAL from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

JONES & Strong, for appellant.

DANIEL H. PINNEY, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a proceeding in chancery by John N. Bour to set aside a conveyance from him to I. H. Radford, and another from Radford to William G. Krutz, Jr., conveying lot 7, block 17, Egandale, in Chicago. The transfers were made subject to a mortgage of $13,000 upon the property, the equity being valued at about $13,000. The bill alleges that the deed from complainant to Radford (dated November 4, 1895,) was procured by fraudulent representations of the grantee, the consideration for the conveyance, consisting of two bonds on property near Buffalo, N. Y., being fraudulent and worthless, and known to be so by the defendant Radford; that a few days after this conveyance Radford made a pretended sale to Krutz, but this transaction was not made in good faith, the grantee having knowledge of the fraud in the previous conveyance. Prayer of the bill was in conformity with the allegations.

Radford and certain other defendants at first filed no answer and were defaulted. Subsequently the default as to Radford was set aside and his answer filed denying the fraud charged in the bill. Krutz answered, denying all

knowledge of the matters set forth in the bill tending to question the validity of his title, and alleging that he was a *bona fide* purchaser for value, without notice of fraud, if any had been practiced. He then filed a cross-bill, setting up the matters stated in his answer in defense of the original bill, praying that the title to the premises be established in him.

Upon a hearing of the cause a decree was entered March 30, 1896, setting forth that the statements made by Radford and his agent with reference to the first conveyance "were willfully false and fraudulent, and known to be so by them, * * * and that Radford, in order to cheat complainant out of his said equity, conveyed the same to defendant William G. Krutz, Jr., November 19, 1895, by deed dated November 16, 1895; that said conveyance was colorable, and was given and received in bad faith; that Krutz, in receiving the same, was chargeable with notice of the fraud of said Radford and subject to the right of complainant to reclaim said equity, and that the conveyance to Krutz was fraudulent and void." William G. Krutz, Jr., appeals to this court, insisting that the decree below should be reversed as to him, on the ground that he was a purchaser in good faith, without notice of any fraud, and that the evidence fails to establish the facts against him in that regard. The only question thus presented for our consideration is one of fact. Opposed to this contention, and in support of the finding of the chancellor, the appellee relies upon three theories: First, that Krutz had actual knowledge of the fraud practiced upon Bour in the first conveyance, and took the deed subject to the right of Bour; second, that even if he did not have personal knowledge of the fraud, one Baxter, as his agent and acting in his behalf, had such knowledge, and the result was the same, the knowledge of the agent being the knowledge of the principal. The third theory is, that the consideration for the conveyance from Radford to Krutz was fictitious.

The testimony is somewhat voluminous, a large number of witnesses being examined. The evidence in support of the first theory is not clear. As to the second it is conflicting, to say the least, but preponderates, we are inclined to think, in favor of the appellee. There appears to be good reason to believe that Baxter was not ignorant of the facts constituting the fraud in the first conveyance. His association and dealing with the parties were such that he must have had knowledge of them, and if he was the agent of Krutz the latter is bound by his acts. Four witnesses testify that Krutz told them Baxter acted as his agent in the transaction. This is denied by Krutz, and it devolved upon the chancellor to decide as to the credibility of the testimony. He saw and heard the witnesses testify, and hence, as to these and all other controverted facts in this cause, as we have frequently decided, we will not disturb his finding unless the evidence is clearly and manifestly to the contrary.

As to the third theory, if the master considered there was a want of good faith in the consideration paid by Krutz to Radford it would have been still a further ground for his finding. It is stated that Krutz paid $2000 in money, gave his note, without security, for $500, and in addition transferred a number of pieces of property, of questionable value, in different parts of the country, some of the deeds to which he held in blank. While the evidence in this regard may not be said to be clear against Krutz, yet this, taken with the conflicting evidence in regard to the knowledge of Baxter and the relation he sustained to Krutz, certainly does not permit us to say the court was not justified in holding that Krutz had either actual or constructive notice of the fraud.

From a careful consideration of the whole cause we fail to find any good reason for disturbing the decree of the trial court, and it will therefore be affirmed.

*Decree affirmed.*