ELIZABETH BLANCHARD

*v.*

HARRY BLANCHARD *et al.*

*Opinion filed October 24, 1901.*

1. EVIDENCE—*burden of proving insanity of grantor is upon person alleging it.* The burden of proving insanity or undue influence upon the mind of a grantor, for the purpose of having his deed set aside, is upon the person alleging the same.

2. SAME—*when defendant may testify under the third exception to section 2 of the Evidence act.* In partition, by heirs against the wife of their deceased ancestor, if the complainants testify to conversations had between them and the defendant before the death of her husband and in his presence, in which it is claimed she made certain declarations tending to support the allegations of the bill, she has the right, on rebuttal, under clause 3 of section 2 of the Evidence act, to testify, for the purpose of disproving or explaining such conversations or declarations.

3. SAME—*right to cross-examine witness to show hostile feeling.* A defendant is not bound by a statement of complainant's witness, on cross-examination, that he has no ill-will or prejudice against the defendant, and the witness may be asked whether he did not make certain statements or declarations (specifying them) tending to show such ill-will; and unless the witness denies making them it is not necessary that the time and place be specified as a proper foundation for impeachment.

APPEAL from the Circuit Court of Edgar county; the Hon. H. VANSELLAR, Judge, presiding.

Appellees, who are the adult heirs of Bruce B. Blanchard, deceased, filed their bill in the circuit court of Edgar county, against Elizabeth Blanchard, their step-mother, and nominally against their infant brother and sister, to partition eighty acres of land which had formerly belonged to their father. The bill alleges that Bruce B. Blanchard was married to the appellant, Elizabeth Blanchard, July 14, 1898, a little more than a year after the death of his first wife, and that on December 5, 1898, he executed and delivered to appellant a deed of the land in controversy. By the terms of the deed the grantor reserved to himself the use and occupation of the land during his lifetime, together with the right to sell and convey the same to whomsoever he might elect, and the deed was not to be recorded until after the death of the grantor. No revenue stamp was placed upon the deed at the time. Appellant took possession of the instrument and retained it until the death of her husband and then had it recorded, placing a stamp thereon before recording. The bill prays partition of the land subject to the dower rights of appellant, and that the deed to appellant may be set aside as a cloud upon the title of appellees, for the reasons that upon its face the instrument is void on account of conditions therein contained, and was not stamped until after the death of the grantor; and for the further reasons that, even if valid upon its face, the deed is void because procured through the undue influence of the grantee, and because, at the time of execution, the grantor was not of sound mind.

The circuit court held the instrument a valid deed upon its face, and that, as such, it was evidence of appellant's title. The questions of fact as to undue influence exercised by appellant over the mind of the grantor, and as to his mental unsoundness, the court below, on its own motion, referred to a jury upon feigned issues, and the jury found both issues in favor of appellees. The court overruled a motion to set aside the findings of the

jury and render a decree in appellant's favor, or else to grant a new trial, and rendered a decree holding the deed void upon the findings of the jury and granting partition as prayed in the bill. From that decree appellant prosecutes this appeal.

J. F. VANVOORHEES, J. W. HOWELL, and DUNDAS & O'HAIR, for appellant.

JAMES A. EADS, HENRY S. TANNER, and VANSELLAR & SHEPHERD, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

For the purposes of this opinion it is merely necessary to state that we think the court below committed no error in holding the instrument which is sought to be set aside as a cloud upon the title of appellees to be a good and valid deed upon its face.

It is contended by appellant that the court below erred in directing that she should assume the burden of proof, and should first introduce all her evidence in support of the validity of the deed, upon the issues of insanity and undue influence. This was clearly error. The burden of proving insanity or undue influence upon the mind of a grantor, for the purpose of setting aside his deed, is upon the person alleging it. (Devlin on Deeds, sec. 84; *Howe* v. *Howe,* 99 Mass. 88; *Roe* v. *Taylor,* 45 Ill. 485; *English* v. *Porter,* 109 id. 285; *Francis* v. *Wilkinson,* 147 id. 370). But while this direction of the circuit court was erroneous, we do not think the appellant was so unduly prejudiced thereby as to warrant a reversal of this case for that reason, particularly as the verdict of the jury upon feigned issues, as in this case, is merely advisory to the court, and may be acted upon or rejected by it, accordingly as it is or is not satisfied with it. (*Meeker* v. *Meeker,* 75 Ill. 260; *Titcomb* v. *Vantyle,* 84 id. 371; *Guild* v. *Hull,* 127 id. 523). The decree is not the finding of the

jury, but is the finding of the court deduced from its own opinion, formed after hearing the evidence submitted to the jury and from the advisory verdict of the jury.

We cannot hold, as requested by appellant, that the decree was so clearly against the evidence that it should be reversed for that reason, but as the cause must be remanded for another trial because of erroneous rulings of the circuit court in excluding testimony, we think it inadvisable to express any opinion upon the weight of the evidence.

The complainants were suing as heirs of their deceased father, the said Bruce K. Blanchard, and therefore the appellant, who was defendant below, was, by virtue of section 2 of the act in regard to evidence, rendered incompetent to testify in her own behalf, except as permitted by some one or more of the exceptions mentioned in clauses 1 to 5 of said section. (Hurd's Stat. 1899, p. 858.) Certain of the heirs, parties in interest, testified to certain conversations had between them and the appellant before the death of her husband and in his presence, and as to certain declarations made by her in such conversations which tended to sustain their allegations of undue influence, and perhaps in other respects to sustain their bill. When she came to testify in her own behalf in rebuttal, her counsel sought to disprove or explain these conversations, or at least to disprove the declarations which said witnesses for complainants had testified she had made, but the court refused to allow her to testify as to such conversations or declarations, because they were had or made in the lifetime and in the presence of her husband, the ancestor of complainants, who were suing as his heirs. For example, Effie Blanchard, who was one of such heirs and a party in interest, although made a defendant to the bill, testified that on one occasion when members of the family, including her father and appellant, were sitting by the grate at their home, appellant said to witness: "We will fix it so you

will, none of you, get anything; we will have that fixed; your pap will fix that." On rebuttal, the court refused to allow appellant to testify as to such declaration, either in explanation or denial, but limited her to transactions, conversations or declarations which took place out of the presence of said Bruce K. Blanchard. In so ruling the court erred. By section 1 of the act in regard to evidence appellant would have been competent. By said section 2 she was rendered incompetent to testify in her own behalf in a suit against her by the complainants, as heirs of her deceased husband, except as to matters falling within one or more of the five exceptions mentioned by the statute. The third one of these exceptions is as follows:

"*Third*—Where, in any such action, suit or proceeding, any such party suing or defending, as aforesaid, or any persons having a direct interest in the event of such action, suit or proceeding, shall testify in behalf of such party so suing or defending, to any conversation or transaction with the opposite party or party in interest, then such opposite party or party in interest shall also be permitted to testify as to the same conversation or transaction."

Under this exception she was clearly competent to testify in rebuttal as to transactions or conversations between herself and an opposite party or party in interest, after such opposite party or party in interest had testified to such conversation or transaction,—and on this point it would be immaterial whether the husband was present or not. There is nothing in section 5 of the act which would exclude her testimony on the ground that it related to conversations or transactions between husband and wife, for in this case they were between appellant and these heirs, and no admission of or conversation with the husband was involved. To construe the statute so as to allow the heirs to give their own version of what appellant said, without allowing appellant

to give hers, or either to deny or explain, would lead to gross injustice, and render the statute partial and unequal in its operation on the rights of parties when it was intended to operate equally and impartially.

In the second place, we are of the opinion that the court erred in unduly restricting appellant's right of cross-examination of the complainants' witnesses upon the question whether they were hostile to appellant, or were biased or prejudiced against her or in favor of the opposite parties, or were actuated by ill-will against her. Without specifying the particular questions or rulings complained of, some of which rulings were correct for other reasons, the court announced a rule by which counsel should be governed in examining witnesses, and which the court thereafter enforced against the objections and exceptions of appellant, which rule the court stated as follows: "The witness can be asked, 'Have you any feeling against the party?' The witness is then to determine by his answer, and he cannot be questioned any further." We do not regard this as the correct rule. A party is not bound by the statement of a witness, on cross-examination, that he has no ill-will or feeling of any kind against the opposite party, but may cross-examine such witness further, to ascertain whether such statement is true or not, or what weight should be given to it. As said by Mr. Thompson in his work on Trials (sec. 450): "It is one of the objects of cross-examination to discover the motives, inclinations and prejudices of the witness, for the purpose of reducing the effect which might otherwise be given to his evidence. Accordingly, it has been well said that it is always competent to show the relations which exist between the witness and the party against, as well as for, whom he was called. * * * It is competent to inquire of the witness concerning acts, declarations and circumstances showing the existence of hostile feelings or prejudices. The state of mind and feeling of the witness may materially affect his testi-

mony, and the credit of a witness upon whose testimony, in part, the issue is to be determined is not collateral and immaterial matter."

It is not meant, of course, that the particulars of collateral matters and transactions may be inquired about on cross-examination, thus introducing other issues into the trial, but the witness, although he may have answered that he has no ill-will or prejudice against the party, may be asked whether he has not made certain statements or declarations (specifying them) tending to prove such ill-will or prejudice,—and this, too, whether the proper foundation, by specifying time and place, has been laid or not, for the witness may admit having made such statements or declarations, in which case no impeaching witnesses to prove them need be called. It is, of course, true, that before impeaching witnesses can be called to prove that the witness did make such statements or declarations, when he has denied that he made them, the proper foundation must be laid before their testimony can be heard; but the failure to lay such foundation is not, and for the reason above given, a sufficient ground for sustaining an objection to the question, unless, indeed, it appears to the court that the witness is unable to answer without having his attention called to time and place, or to other circumstances which would be likely to refresh his recollection. (*Phenix* v. *Castner*, 108 Ill. 207; *Aneals* v. *People*, 134 id. 401.) Large discretion is committed to the trial judge in directing and controlling the examination of witnesses, but it is a well known rule also that great latitude is allowed the parties in the cross-examination of witnesses, and especially of such witnesses as may show a bias for or against either party.

For the reasons given, the decree will be reversed and the cause remanded for further proceedings not inconsistent with the views hereinbefore expressed.

*Reversed and remanded.*