William H. Vancuren, Plaintiff, v. Lillie Vancuren, Defendant.

B. F. Vancuren, Administrator of Estate of William H. Vancuren, Deceased, Appellant, v. Lillie Vancuren, Appellee.

Gen. No. 9,674.

 Opinion
filed March 3, 1950. Rehearing denied April 17, 1950. Released for
publication April 17, 1950.

McMillen & Garman, Chas. Y. Miller, all of Decatur, and Bryan Wilson, of Bement, for appellant.

Francis R. Wiley, of Decatur, for appellee.

Mr. Presiding Justice Wheat delivered the opinion of the court.

This appeal relates to a proceeding wherein William H. Vancuren was granted a divorce from Lillie Vancuren on the grounds of desertion by decree of March 22, 1945. Service on defendant was had by publication and mailing. By various proceedings the decree was attacked, pending which William H. Vancuren died on March 27, 1947. On motion of Lillie Vancuren the death was suggested and B. F. Vancuren, administrator of the estate of William H. Vancuren was substituted as party plaintiff. On January 14, 1949, the court, on motion of defendant Lillie Vancuren, entered a decree attempting to abate the cause of action and to set aside the prior decree of divorce. Appeal was taken by the administrator.

In this court defendant appellee, Lillie Vancuren, has moved to dismiss the appeal on the ground that the time to appeal was extended for the purpose of obtaining a report of proceedings had on February 28, 1947, and that such report of proceedings was unnecessary by reason of which the original time fixed before extension had expired. The stipulation as to the praecipe for record on appeal provides for the report of proceedings taken February 28, 1947. Unnecessary or not, defendant is bound by this stipulation by reason of which the motion to dismiss the appeal is denied.

233

██ 

██ There has also been filed in this court a motion to make certain persons designated as heirs-at-law of William H. Vancuren parties plaintiffs appellants. Although action on this motion is perhaps immaterial for the purpose of this appeal, it is noted that in the case of *Danforth v. Danforth,* 111 Ill. 236, involving a divorce decree wherein one of the parties died before the decision of the Supreme Court was rendered, the interests of the estate of the deceased person were represented by both the administrator and the heirs-at-law. Because further proceedings will be necessary upon remandment of this case to the circuit court, wherein it may become essential that the heirs become parties, the motion is allowed.

The pertinent proceedings in the circuit court were as follows: On March 22, 1945, decree of divorce in favor of plaintiff William H. Vancuren was entered; July 9, 1945, motion of defendant to vacate decree was filed; motion denied; August 14, 1945, petition was filed by defendant under section 50, subpar. (8) of the Civil Practice Act for hearing touching the decree of divorce; answer of plaintiff filed; February 28, 1947, hearing was had on petition and answer at which time defendant's attorney stated that this was to be a preliminary hearing as to the validity of the service by publication and mailing, and the court stated that the hearing was not to determine the merits of the divorce decree. (In the interest of clarity this chronological recitation may be interrupted by the comment that the controlling point in this decision relates to what should properly have been done by the circuit court following and as a result of this hearing. The court has never ruled as to this hearing on the petition and answer, and it remains undetermined.) On February 28, 1947, the court entered an order permitting defendant to file an answer and counterclaim to the original divorce proceeding, which was done. On March 26, 1947, plain-

tiff moved to strike the answer and counterclaim, as to which motion no hearing was had and there has never been any ruling thereon. On March 27, 1947, plaintiff died. On November 20, 1947, defendant suggested the death of plaintiff and on her motion, the administrator of plaintiff's estate was made a party plaintiff. On October 6, 1948, defendant moved to vacate the divorce decree of March 22, 1945, and to abate the cause of action. On hearing of this motion, without any evidence being adduced, the court on January 14, 1949, allowed the motion and entered a decree vacating the prior divorce decree and abating the cause of action.

It is urged that the decree of January 14, 1949, is of no force and effect and that the status of the proceedings is fixed as of February 28, 1947, when a hearing was had upon defendant's petition and the answer thereto. No order was entered as to such hearing unless it can be said to be that of February 28, 1947, which authorized defendant to file an answer and counterclaim to the original complaint for divorce. Such an order is not that contemplated by section 50, subpar. (8) of the Practice Act. (Par. 174, subpar. (8), ch. 110, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 104.050, subpar. (8)].) This section provides as follows:

"When any final decree in chancery shall be entered against any defendant who shall have been served by publication with notice of the commencement of the suit and who shall not have been served with a copy of the complaint, or received the notice required to be sent him by mail, or otherwise brought into court, and such person . . . shall . . . appear in open court and petition to be heard touching the matter of such decree, the court shall upon notice being given to the parties to said suit who appeared therein . . . set such petition down for hearing and may allow the

235

parties . . . to answer such petition. If upon the hearing upon said petition it shall appear that such decree ought not to have been made against such defendant, *the same may be set aside, altered or amended as shall appear just;* otherwise such petition shall be dismissed at petitioner's costs; . . . ."

■ It appears, then, that upon the hearing of February 28, 1947, on defendant's petition and plaintiff's answer thereto, the court either could have dismissed the petition, or it could have entered an order setting aside, altering or amending the original decree. Neither was done. This confusion apparently arose by reason of decisions based upon a prior act which was superseded in 1931 by an Act substantially the same as a 1933 amendment, which is the Act above quoted. The former Act (sec. 19, ch. 22, Ill. Rev. Stat. 1929) provided that the party questioning the service by publication "may appear in open court and petition to be heard touching the matter of such decree . . . the person so petitioning may appear and *answer the complainant's bill and thereupon such proceedings shall be had as if the defendants had* appeared in due season and no decree had been made; and if it shall appear, upon the hearing, that such decree ought not to have been made against such defendant, the same may be set aside, altered, or amended as shall appear just; otherwise the same shall be ordered to stand confirmed against said defendant." All of the cases cited by the defendant were based upon the Act as it existed prior to 1931 and are not applicable. It therefore appears that the court should have acted upon the petition and answer thereto in the manner provided by statute, and not by entering an order allowing defendant to file answer and counterclaim to the original divorce complaint.

■ It is argued that the death of the plaintiff abated the proceedings. In the case of *Danforth v.*

*Danforth,* 111 Ill. 236, a case involving a divorce decree had been argued in the Supreme Court and submitted to it for decision. Before the filing of the opinion the husband (who had obtained the divorce) died. The court, in holding that it had jurisdiction and that the cause did not abate, said: "This cause was, at the September term, 1882, properly submitted to this court by the parties, for its final judgment, upon the merits. Both parties then being in life, this court thereby acquired complete jurisdiction over the parties and of the subject matter of the controversy, which was not divested by the subsequent death of the appellee." Such is the situation in the instant case. While both parties were living and the final decree of March 22, 1945, was of record, the court on February 28, 1947, had jurisdiction and proceeded with a hearing, but has not acted as a result of such hearing. It now has power to continue with the proceedings instituted, in accordance with said section 50, subpar. (8) of the Practice Act. In the meantime the divorce decree is in full force and effect.

From the above it is the conclusion of this court that the trial court erred in allowing the answer and counterclaim to the original suit to be filed and erred in entering the decree of January 14, 1949, before the taking of proper steps under said section 50, subpar. (8) of the Practice Act.

 As to the validity of the service on defendant by publication and mailing, this was raised by motion filed July 9, 1945, which motion was denied. The petition filed August 14, 1945, raised the same question in paragraph nine, but this paragraph on motion was ordered stricken. However, when hearing was had on the petition and testimony adduced February 28, 1947, counsel for defendant stated: "I understand this is a preliminary hearing as to the notice that she had of the divorce suit." The court stated: "This is just

a preliminary hearing . . . we are not going to go into this today far enough to determine the merits of the divorce decree. But we are going to go into it far enough to show that she didn't receive the notice and didn't know a thing about it.'' It therefore appears that both court and counsel assumed that the matter of notice was before the court. In any event, the court has never ruled on the subject since such testimony was adduced. In order that the subject may be clearly disposed of, defendant ought to be permitted, upon remandment, to amend her petition, if she so requests, so as to clearly present the issue of the validity of the service.

The decree of the circuit court is reversed, and the cause remanded with directions to proceed in accordance with the views herein expressed.

*Reversed and remanded with directions.*