William H. Vancuren, Plaintiff, v. Lillie Vancuren, Defendant.

B. F. Vancuren, Administrator of Estate of William H. Vancuren, Deceased, Atha Helfrich, Elizabeth V. Read, and B. F. Vancuren, Plaintiffs-Appellants, v. Lillie Vancuren, Defendant-Appellee.

Gen. No. 9,830.

Opinion filed November 14, 1952. Released for publication December 10, 1952.

McMILLEN & GARMAN, and CHARLES Y. MILLER, all of Decatur, and BRYAN WILSON, of Bement, for appellants.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, of Chicago, and FRANCIS R. WILEY, of Decatur, for appellee.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

This proceeding was brought by the defendant Lillie Vancuren, under the provisions of section 50 (8) of the Civil Practice Act. William H. Vancuren, husband of Lillie Vancuren, the defendant, on January 31, 1945, filed his suit for divorce in the circuit court of Piatt county, Illinois, charging desertion. Service on the defendant was by publication. A decree of divorce on the ground of desertion was entered *pro confesso* by the circuit court on March 22, 1945. On August 14, 1945, the defendant filed her petition to set aside the decree of divorce pursuant to section 50 (8) of the Civil Practice Act. To this petition the said William H. Vancuren filed his answer. On February 3, 1947, the trial court entered an order striking an answer and counterclaim filed by the defendant on October 31, 1946, and on February 28, 1947, after a hearing to ascertain whether the defendant had received notice of suit, the trial court granted leave to the defendant to file an answer and counterclaim for divorce from the plaintiff, and for other relief, and on the same day, February 28, 1947, the defendant filed her answer and counterclaim to the original suit for divorce. On March 27, 1947, the plaintiff William H. Vancuren died, and his death was suggested of record on November 20, 1947. At the time of the suggestion of death of the plaintiff, the defendant filed a petition praying that the administrator of the deceased William H. Vancuren, one B. F. Vancuren, be enjoined from further proceedings as such administrator, that he be ordered to continue in the divorce proceeding until the final adjudication of the rights and interests of the defendant in and to the properties and estate of William H. Vancuren, deceased, and a final decree entered and all appeals from said decree finally determined and settled. On November 25, 1947, the trial court ordered B. F. Vancuren, as administrator, substituted for William H. Vancuren, deceased, in the divorce suit, and fixed a time for hearing on the

injunction but this hearing was not held. On October 6, 1948, defendant moved to expunge the decree of divorce and for an order abating the cause of action because of the death of William H. Vancuren. On January 14, 1949, the trial court entered a decree finding that it had jurisdiction of the parties and the subject matters; that the death of William H. Vancuren abated the action and deprived the court of jurisdiction, and expunged the decree of divorce and abated the action. From this decree, the plaintiffs appealed and in the case of *Vancuren v. Vancuren,* 340 Ill. App. 231, this court reversed the decree of the trial court and remanded the cause to the trial court with instructions to hold a complete and full hearing on the defendant's petition, with the directions, that upon such hearing, the trial court might set aside the decree, alter it or amend it, as shall appear just. The cause was redocketed in the circuit court of Piatt county and on January 2, 1951, the defendant filed an amendment to the original petition filed by her, raising for the first time, the question of proper service on the defendant. A motion to strike this amendment to the petition of the defendant was filed, argued, and on January 2, 1951, the trial court sustained the motion to strike in part and overruled it in part. Later, on March 17, 1951, the trial court, on its own motion vacated the order of January 2, 1951 and denied the motion to strike in its entirety. Plaintiffs then filed their answer. A hearing was had, and on August 3, 1951, the trial court entered its order and decree finding that the plaintiffs had failed to prove the charges of desertion by a preponderance of the evidence; and decreeing that the original decree of divorce be vacated and that the suit for divorce be dismissed for want of equity. From that decree the plaintiffs appeal to this court.

The death of William H. Vancuren having terminated the marriage, the dispute between the parties is

one of heirship. If the decree for divorce was invalid, then the defendant will be entitled to a widow's share of the property and estate of William H. Vancuren. If the said decree is valid, then the defendant will take nothing from the estate.

The plaintiffs assign eight errors as ground for reversal, but for the purpose of this opinion we will consider the assigned errors under the following questions: 1. Was the mandate of this court followed by the trial court? 2. Should the cause have been tried solely upon the petition to set aside the divorce decree, or was the trial court correct in trying the cause upon the original complaint for divorce, the petition to set it aside, and the answer to the petition? 3. Was the defendant a competent witness? 4. Was the decree contrary to the law and the evidence? We think a decision on these points will take into consideration all of the errors assigned.

As to the mandate of this court in *Vancuren v. Vancuren,* 340 Ill. App. 231, the language in that opinion should settle that point. This court in that case, reversed the original decree and remanded it to the circuit court of Piatt county, with directions to proceed in accordance with the views expressed in the opinion. In paragraph 3 of that opinion, this court, after commenting on the permitting of the filing of an answer and counterclaim by the defendant said: "It therefore appears that the court should have acted upon the petition and answer thereto in the manner provided by statute, and not by entering an order allowing defendant to file answer and counterclaim to the original divorce complaint." That part of the opinion referred directly to the provisions of section 50, subparagraph 8 of the Civil Practice Act, which provides that upon the filing of a petition by the defendant, that notice shall be given, the petition shall be set down for hearing, and that the plaintiff may be allowed to answer the

petition. That upon the hearing on the petition, if it shall appear that such decree should not have been made against the defendant, the same may be set aside, altered or amended as shall appear just; otherwise such petition shall be dismissed at the petitioner's costs.

In other words, as said in paragraph 3 of that opinion, the trial court could have dismissed the petition, or it could have entered an order setting aside the decree, if it appeared on the hearing that such decree should not have been entered, or it could have altered or amended the decree as appeared just. In the first trial, neither of these alternatives was done.

■ In paragraph 5 of the said opinion, this court said: "In order that the subject may be clearly disposed of, defendant ought to be permitted, upon remandment, to amend her petition, if she so requests, so as to clearly present the issue of the validity of the service." And in the second trial the court did permit the petitioner to amend her petition and raise the question of service. There was no answer or counterclaim filed by the petitioner. In the second trial it would appear that the hearing was held on the petition as amended, and the answer thereto. But the trial court in its opinion held that the plaintiffs had failed to prove the charges of desertion by the defendant, as charged in the complaint, by a preponderance of the evidence, and this, the plaintiffs claim is contrary to the mandate of this court as expressed in its opinion in the case of *Vancuren v. Vancuren*, 340 Ill. App. 231. We cannot agree with this contention. In the petition filed by the defendant, before amendment, the petitioner denies the principal allegation of the complaint for divorce, namely desertion. This raised squarely the right of the plaintiff's intestate for a decree of divorce on the grounds of desertion. In other words, it opened up the matter for the purpose of permitting the defendant-petitioner to present evidence combatting the evidence

of the deceased plaintiff as to desertion. The amendment raised another question, that of service on the petitioner, and this of course is a pertinent one, since if there is no proper service, there can be no jurisdiction to enter the decree. Section 50, subparagraph 8 of the Civil Practice Act provides that upon a hearing on the petition, if it appears that such decree should not have been made against the defendant, the same may be set aside. While the language of the trial court is awkward and could be much clearer, it is apparent to this court that upon the second trial, the court decided that the defendant had successfully established the allegations set out in her petition, namely that she had not deserted the plaintiff as alleged in the complaint, and that there had been no proper service. The trial court therefore found the issues for the petitioner and vacated the decree. We see no violation of the mandate as expressed in the opinion in *Vancuren v. Vancuren,* 340 Ill. App. 231.

██ This reasoning in effect, disposes of the second question, namely, did the trial court properly try the second case upon the original petition and the answer. We think the petition sufficiently opened the case to permit the court to try the issues presented, namely, was there desertion as charged, was there proper service and should the decree be upheld or set aside, amended or altered. We think it did and that the trial court had the right to pass on the questions thus presented. To hold otherwise would be to limit the trial court to a point where it could not properly consider the issues raised by the petition.

██ Chapter 51, section 2 of the Evidence Act, prohibits the testimony of any party to any civil action, directly interested in the event thereof, to testify in his own behalf, when the adverse party defends as the executor, administrator, heir, legatee or devisee of any deceased person. But here the husband had testified

as to the desertion. His testimony is a matter of record and is the basis of the decree. Does the fact that the evidence of the husband is a matter of record operate to put the competency of the petitioner within the exceptions to the section? We think it does. The fifth exception provides that when the deposition of the deceased person is read in evidence at the trial, any adverse party or party in interest may testify as to all matters and things testified to in such deposition by such deceased person and such testimony may not be excluded for irrelevancy or incompetency. While not strictly a deposition, it is the testimony of the witness, made before he died and the very facts that the petitioner seeks to refute. This testimony of the husband supports the decree. If the petition of the defendant was a new proceeding and there was no testimony on the part of the husband, before he died, then the petitioner should not be allowed to testify. But this is not a new matter. It is a further hearing on a matter raised in the original complaint for divorce, namely, did the defendant desert the plaintiff's intestate.

██ ██ The purpose of section 2 of the Evidence Act was to put both parties on an equal footing. As said in *Van Meter v. Goldfarb*, 317 Ill. 620, the purpose of the statute was to put the two parties to a suit upon terms of equality in regard to the opportunity of giving testimony. *Maher v. Title Guarantee & Trust Company*, 95 Ill. App. 365, cited by plaintiffs was that of a former wife seeking to set aside a divorce and making the second wife and his administrator parties to the suit. In that case, the plaintiff, the first wife, admitted by her bill that she signed an entry of appearance, knew of the divorce, and was fully cognizant of all steps taken by her husband to get the divorce but as grounds for setting it aside, claimed she was under the influence and threats of her husband and others. If there was any fraud, she was a party to the fraud. The

decision seemed to rest upon the fact that by her own acts, the plaintiff permitted the divorce, however wrong or fraudulent to be entered and thereafter lived with her former husband for a considerable time. It is true that in that case the court refused to let the former wife testify but we are inclined to believe that it was more on the ground that the plaintiff was a party to the fraud she later wanted set aside, than on the ground that the plaintiff was incompetent to refute the allegations of the husband for the divorce. In any event, in the light of later decisions, we are inclined to the position that the petitioner in this case should have been permitted to testify. It is true that a woman seeking to prove that she was the wife of an intestate, cannot testify to the marital relationship. *Laurence v. Laurence,* 164 Ill. 367, and *In re Estate of Maher,* 210 Ill. 160, but in those cases, none of the exceptions apply. In those cases there was no testimony on behalf of the deceased to refute. This would also apply to judgments by confession.

In the case of *Turner v. Lee,* 254 Ill. 141, where the deposition of the deceased was read the court permitted the testimony of the adverse party, and the court there said: ''Under the provisions of said paragraph 5 of Section 2 we think all the testimony of Mrs. Lee was admissible as referring to the same 'matters and things' testified to by Mrs. Turner in her deposition.'' In *Eastman v. United Marble Companies,* 224 Ill. App. 256, the court there in substance said that when the deposition of the deceased party is read in evidence, the adverse party is, under the fifth exception in section 2 of the Evidence Act, not limited to a mere denial of the statements made in the deposition, but is entitled to fully testify as to facts and circumstances of the transaction, so far as his knowledge extends and thereby endeavor to rebut said statements. While it is true that the testimony of the deceased William H. Van-

curen, is not a deposition, yet the testimony has the same force and effect as that of a deposition. In the case of *DeCosta v. Bischer,* 287 Ill. 598, the grantee was permitted to testify in rebuttal to the deposition of the deceased grantor, and in *Blanchard v. Blanchard,* 191 Ill. 450 at page 454, the court there said: "To construe the statute so as to allow the heirs to give their own version of what appellant said, without allowing appellant to give hers, or either to deny or explain, would lead to gross injustice and render the statute partial and unequal in its operation on the rights of parties when it was intended to operate equally and impartially." To paraphrase to fit this case: To permit the deceased husband William H. Vancuren to testify as to the facts of the alleged desertion, without allowing the petitioner to give her testimony on the same subject, would lead to gross injustice and render the statute partial and unequal in its operation. As was said in *Firke v. McClure,* 389 Ill. 543 at page 551, the statute intends that both parties should stand on equal ground. In the instant case the husband had testified in support of his claim of desertion. The petitioner should be given a right to refute his testimony. For the reasons stated it is the opinion of this court that the petitioner Lillie Vancuren was a competent witness.

■■ The plaintiffs contend that the judgment was contrary to the law and contrary to the evidence. We have tried to pass on the questions of law, and as to the evidence, we have held many times that where the evidence is conflicting, the trial judge who heard and saw the witnesses, had advantages not possessed by a court of review in determining the credibility of the testimony and that his findings will not be disturbed unless clearly and palpably erroneous. *City of Quincy v. Kemper,* 304 Ill. 303; *Goldfarb v. Maryland Casualty Co.,* 311 Ill. App. 568; *Krutz v. Bour,* 167 Ill. 536; *Lurie*

*v. Newhall,* 333 Ill. App. 173. We are not prepared to say that this judgment by the trial court was erroneous.

It is conceded by the plaintiffs that the petitioner did not get the notice of the pending suit sent to Tucson, Arizona, when it is apparent from the evidence that the plaintiff in that suit knew that the defendant's address was Marana Army Air Field, Tucson.

The decree of the trial court was correct and should be affirmed.

*Decree affirmed.*