LOUISE GULDA *vs.* THE SECOND NATIONAL BANK OF BOSTON & others.

Suffolk.    April 7, 8, 1948. — June 11, 1948.

Present: QUA, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Jurisdiction,* Trust, Property of nonresident. *Equity Pleading and Practice,* Parties, Service of process.

A trustee under a declaration of trust could not so sufficiently represent beneficiaries thereunder as to render them unnecessary parties in a suit in equity by one claiming ownership of the property described in the declaration and invalidity of the trust.

The mere fact, that a minor residing in a foreign country was not served with process here as a party to a suit in equity to set aside as invalid an instrument creating a trust, under which he was a cestui, in personal property located here, did not deprive the court of jurisdiction where it appeared that an order of notice under Rule 14 of the Superior Court (1932) had been served upon him in the foreign country personally and seasonably, that a guardian ad litem had been appointed for him and had appeared and answered for the sole purpose of protecting his interest, and that an injunction had issued restraining alienation of the trust property pendente lite.

BILL IN EQUITY, filed in the Superior Court on December 27, 1946.

In the introductory paragraphs of the trust instrument

executed by Federico Andreas Gulda, which the plaintiff sought to set aside, the settlor acknowledged that the property had been transferred by the plaintiff to him in 1915 "to be held by him upon certain trusts then orally expressed by her," and that the trust instrument was executed "for the purpose of making effective the said trust and recording it in permanent form." In substance, the averments of the bill are that the property was in the hands of the settlor, the plaintiff's son, with an understanding that "it would always remain" hers and that she "could have it back any time she so desired," that the trust instrument was executed without her knowledge and consent, and that she was not informed until the summer of 1946 that her son had executed an instrument "which would have the effect of depriving her unconditionally of full control and ownership of her property."

The suit was heard by *Donahue*, J., on a plea by The Second National Bank of Boston.

*R. Wait*, (*W. A. Dupee, Jr.*, with him,) for The Second National Bank of Boston.

*J. L. Ware*, (*R. C. Baldes & W. W. Lang* with him,) for the plaintiff.

RONAN, J. This is a bill in equity brought by Louise Gulda of Los Angeles, California, to set aside a trust instrument executed on January 31, 1936, by her son, Federico Andreas Gulda, late of Lima, Republic of Peru, South America, without her knowledge or consent, and to obtain a return to her free from said trust of her property which is now withheld from her pursuant to the terms of said purported trust; to set aside a purported ratification of the trust instrument in 1939 on the ground of fraud of the son's wife, Alice A. Gulda, now Alice A. Russell; and to obtain an accounting and a return of the said property from The Second National Bank of Boston which holds the property as successor trustee under the said instrument.

The defendant Alice A. Russell, as administratrix of the estate of Federico Andreas Gulda in Suffolk County in this Commonwealth, has answered to the merits. She has also answered individually for the sole purpose of protecting her

interest in the property included in the trust. The defendant Renate May, the daughter of the plaintiff, has appeared generally and filed an answer to the merits. The defendant Luisa Gulda y Abely, a minor, residing in Lima, Peru, is an heir at law of Federico Andreas Gulda who died in 1944, and she has an interest in the trust property. No service has been made upon her within this Commonwealth, but an order of notice in accordance with Rule 14 of the Superior Court (1932) was personally served upon her in Lima on March 12, 1947, which was more than four months before the return day, the first Monday of August, 1947, to answer to the suit which was adequately described in the notice. The petition of Alice A. Russell, mother of the said minor, for appointment as guardian ad litem was granted on August 22, 1947, and on August 25, 1947, Mrs. Russell, as guardian ad litem, appeared specially and filed an answer for the sole purpose of protecting the interest of the ward in the trust property.

The defendant The Second National Bank of Boston filed a plea alleging that it was made a party defendant solely by reason of holding the property; that no relief was sought against it except as regards the said property; that the minor is an heir at law of Federico Andreas Gulda and as such may become entitled to a part or all of said property upon the termination of the trust; that she is an indispensable party to the suit and, not having been served with process within the Commonwealth, the bill of complaint should be dismissed. The judge after entering an interlocutory decree overruling the plea as matter of law reported his action to this court.

The single question presented is whether the Superior Court has jurisdiction to hear and determine this suit to set aside a trust, the trust res being located here and its alienation restrained by an injunction, where the trust instrument creates an interest in a nonresident minor and the only service of process made upon her was in a foreign country.

In suits or actions against a trustee by strangers who have claims of one kind or another against the trust estate,

where the litigation does not involve any conflict between the trustee and the beneficiaries or any contest between the beneficiaries themselves, the trustee is generally held to represent sufficiently the estate, and, in the absence of some contrary provision in the trust instrument, there is no need to make the cestuis que trust parties.[1] In the instant case, however, the very existence of the trust itself, as set forth in the declaration of trust executed by the plantiff's son on January 31, 1936, is threatened by the plaintiff, and those named as beneficiaries in the said declaration may be adversely and directly affected by the decree which may be entered. Their interests in the property are opposed to those asserted by the plaintiff. They are entitled to be heard in order to protect their rights and should not be compelled to depend upon the defence made by the trustee.[2]

The minor was properly made a party to the bill, and whether she should be classified as a proper, necessary or indispensable party is of no materiality if the service of process upon her in a foreign country was not violative of the due process clause of the Fourteenth Amendment to the Constitution of the United States, and this in turn depends upon the nature and object of the suit pending in the Superior Court and her relation to the subject matter of that litigation.

The plaintiff contends that she is entitled to the full ownership of the property held in trust by the bank. The remaining beneficiaries named in the trust instrument contend that they have an equitable interest in this property. The legal title to the property is now held by the bank. All of the property is located in Boston. At the commencement of the suit the bank was restrained by an injunction,

---

[1] *Stevenson* v. *Austin,* 3 Met. 474, 481. *Boyden* v. *Partridge,* 2 Gray, 190. *Shaw* v. *Norfolk County Railroad,* 5 Gray, 162, 170–171. *Ashton* v. *Atlantic Bank,* 3 Allen, 217. *Jewett* v. *Tucker,* 139 Mass. 566, 577. *Evans* v. *Wall,* 159 Mass. 164. *Wickwire Spencer Steel Corp.* v. *United Spring Co.* 247 Mass. 565, 569. *New England Oil Refining Co.* v. *Canada Mexico Oil Co. Ltd.* 274 Mass. 191, 199. *Kerrison* v. *Stewart,* 93 U. S. 155. *Vetterlein* v. *Barnes,* 124 U. S. 169. *Commonwealth Trust Co.* v. *Bradford,* 297 U. S. 613.

[2] *Sears* v. *Hardy,* 120 Mass. 524, 529–530. *First National Bank* v. *Crafts,* 145 Mass. 444, 447. *Richmond* v. *Adams National Bank,* 152 Mass. 359. *Crowell* v. *Cape Cod Ship Canal Co.* 164 Mass. 235, 237. *Kendall* v. *Fidelity Trust Co.* 230 Mass. 238, 240. *Holian* v. *Holian,* 265 Mass. 563, 566. *Hallett* v. *Moore,* 282 Mass. 380, 390. *Shirk* v. *Walker,* 298 Mass. 251, 262.

which is still in force, from transferring, alienating or other-wise dealing with the property except that it could continue to make payments to the plaintiff for her support and to make changes in the investment of the property with the consent of the plaintiff's counsel.

The instant suit is not strictly in rem in the sense that it is directed against the property itself as in admiralty, *Loring v. Steineman*, 1 Met. 204, 208, but it more nearly resembles proceedings held to be in rem in a broader sense, or quasi in rem like suits to determine the validity of mortgages or other encumbrances upon land, or to enforce liens, or to quiet the title to land, or to set aside fraudulent convey-ances of land, or to dispose of inactive bank deposits, or to determine the ownership of personal property having a situs in the State where the suit is brought. Such suits, although possessing many of the characteristics of proceed-ings in rem, involve the rights of all persons in so far as they assert any interests in the property which is the subject matter of the litigation; and service by publication or sub-stituted service on nonresident persons having an interest in the property has been held sufficient to enable the court having jurisdiction over the subject matter to adjudicate the controversy. *Felch v. Hooper*, 119 Mass. 52, 57. *Short v. Caldwell*, 155 Mass. 57, 59. *Arndt v. Griggs*, 134 U. S. 316. *Roller v. Holly*, 176 U. S. 398. *Anderson National Bank v. Luckett*, 321 U. S. 233. *Franz v. Buder*, 11 Fed. (2d) 854. *Spellman v. Sullivian*, 43 Fed. (2d) 762. *United States v. Dallas National Bank*, 152 Fed. (2d) 582. *Chapman v. Northern Trust Co.* 296 Ill. 353. *Minot v. Tilton*, 64 N. H. 371. *Reiner v. Fidelity Union Trust Co.* 126 N. J. Eq. 78. *Rice v. Rockefeller*, 134 N. Y. 174. *Cutter v. American Trust Co.* 213 N. C. 686.

An action to establish the personal liability of a non-resident defendant cannot be maintained unless personal service is made upon him within the Commonwealth, or unless he voluntarily enters a general appearance. *Mosher v. Mosher*, 293 Mass. 105. *Rosenthal v. Maletz*, 322 Mass. 586. *Griffin v. Griffin*, 327 U. S. 220. Where there is an attachment of the property of a nonresident and he fails to

appear after service by publication or some form of substituted service is made, the court has jurisdiction to render a judgment which is valid to the extent that it is satisfied by an application of the property attached. *Cheshire National Bank* v. *Jaynes*, 224 Mass. 14. *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 253 Mass. 205. *Cressey* v. *Erie Railroad*, 278 Mass. 284. *Schmidt* v. *Schmidt*, 280 Mass. 216. *National Shawmut Bank* v. *Waterville*, 285 Mass. 252.

The instant bill does not seek to establish any personal liability of the minor. An adjudication that the plaintiff is the owner of the property and incidentally that the minor has no interest therein is all the relief sought against the minor. No decree can be entered requiring her to do anything relative to the property. If the plaintiff prevails, the property will be transferred to her free from any trust, but if she fails to prove her case the trust continues and the minor, in so far as her interests in the property are concerned, remains in the same position as if the bill had never been brought. The jurisdiction of the court over the subject matter of the suit became complete when the injunction was issued at the commencement of the suit and the property has since been held to await the adjudication of its ownership. The injunction against the bank was a sufficient seizure of the property to give jurisdiction to determine the rights of claimants in this specific property. *Pennington* v. *Fourth National Bank*, 243 U. S. 269. See *Tyler* v. *Judges of the Court of Registration*, 175 Mass. 71, 77; *McCarthy* v. *Rogers*, 295 Mass. 245, 247; *Murray* v. *Murray*, 115 Cal. 266; *Bragg* v. *Gaynor*, 85 Wis. 468.

There is nothing in *Spurr* v. *Scoville*, 3 Cush. 578, as explained in *Felch* v. *Hooper*, 119 Mass. 52, 57, inconsistent with anything decided here. *Dietz* v. *New York Life Ins. Co.* 287 Mass. 398, upon which the bank also relies, merely held that the lack of an indispensable party prevented the court from acquiring jurisdiction, but no question as to the validity of constructive service was presented or decided.

The interlocutory decree overruling the plea was right and must be affirmed.

*So ordered.*