LOVE, WILLIAM K., Associate Judge.
This was an action between brothers where the two Appellees sued claiming that they had furnished Appellant with funds (cash expenses and a line of credit) to purchase, for them, certain lands located in the British West Indies and then owned by their sister; that Plaintiff, while acting as their agent and using said funds had purchased the lands but had taken title in his own name and denied any right or interest therein on the part of Appellants; that, approximately twenty-one months after the purchase Defendant, upon being called upon to carry out the trust, executed and delivered to Plaintiffs a deed of conveyance of said lands recited to be as a gift; that he thereafter repudiated the deed and trust, took possession of the lands and *693 asserted exclusive title and right of possession thereto.
Defendant denied the jurisdiction of the Florida Court, the agreement to purchase and the execution of the deed of gift.
The Appellant has presented four points of law which he conceived to he determinative of the issues on this appeal. Two of these questions were disposed of by-order denying rehearing in the Court below, which recites that the Chancellor had not intended to rule upon the validity or legal effect of the purported deed of gift, but did find that the resulting trust in the land was created by the facts as proven. The decree of the Chancellor enjoins and restrains Defendant-Appellant from asserting ownership of the lands involved, and from making any other claim, public or private, of ownership thereof. The determinative questions, therefore, on this appeal, are the sufficiency of the evidence to sustain the decree and the jurisdiction of the Court. As to the former, we find that there is ample support in the evidence for the findings of the Chancellor.
 As to the matter of jurisdiction, the decree of the Court does not adjudicate any legal or equitable interest or title in the land. The gist of this action is the determination of the personal rights of Plaintiffs as against the Defendant. The agreement was entered into in Florida where the agreement was made; one of the Plaintiffs domiciled, and where the Defendant was found at the time of suit. Under the circumstances involved, the Courts have long recognized the extra-territorial jurisdiction of a Court •of equity where the court has jurisdiction of ■the parties but not of the land in matters of resulting trusts. (See Re-Statement of Law, Conflict of Laws, section 239, Existence of Equitable Interests in Land, p. 323). The principle is clearly stated in Pomeroy’s Equity Jurisprudence, Vol. 5, section 1318, and is quoted with approval by the Supreme •Court of Florida in the case of Fraser v. Cohen, 1947, 159 Fla. 253, 31 So.2d 463. See also 54 Am.Jur., Trusts, sections 561-564, pages 438-440; 90 C.J.S. Trusts § 454, pp. 870, 876; and the cases cited in Gulda v. Second Nat. Bank, 323 Mass. 100, 80 N.E.2d 12, 15 A.L.R. 2d at page 610.
Accordingly, the decree appealed from is affirmed.
ALLEN, C. J., and KANNER, J., concur.