**Edward BETHELL, Plaintiff-Appellee,**

v.

**Veronica M. PEACE, Defendant-Appellant.**

**No. 29311.**

United States Court of Appeals, Fifth Circuit.

April 26, 1971.

Verne L. Freeland, Miami, Fla., for defendant-appellant.

Dana P. Brigham, Brigham & Brigham, Miami, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and WISDOM and MORGAN, Circuit Judges.

WISDOM, Circuit Judge:

October 4, 1962, Veronica Peace, defendant-appellant, a Florida real estate broker, persuaded all but one of seven co-owners of certain real estate in the Bahama Islands to sign in Florida an agreement to sell the Bahamian property to her. The six co-owners who signed were residents of Florida; the non-signing co-owner was a resident of the Bahamas. In November 1967 and June 1968 Peace filed two actions in the courts of the Bahama Islands to have the court specifically enforce the contract and quiet title in her. September 9, 1968, Edward Bethell, plaintiff-appellee, successor in title to one of the co-owners who signed the agreement, and a resident of Texas, sued Peace in federal district court in Florida seeking the following relief: (1) a declaratory judgment that the contract was invalid; (2) an injunction against Peace's prosecuting her suits in the Bahama Islands to establish title in her; and (3) damages based on the defendant's various alleged fraudulent practices. The district court, after a partial hearing, granted summary judgment for Bethell declaring the contract invalid and enjoined the defendant from relying on the contract in the future. The issues of fraud and any resulting damage remaining to be tried involve, among other things, a breach of a confidential relationship, overreaching, and forgery. Peace appealed, alleging: (1) that all the co-owners who signed the agreement were indispensable party plaintiffs; (2) that the district court failed to apply Bahamian law; and (3) that the court improperly enjoined Peace from prosecuting her suits in the courts of the situs of the property. We affirm.

I.

The first issue raised by Peace is that all the co-owners of the land who signed the agreement should have been joined as parties. Jurisdiction below was based on diversity of citizenship. Joinder of the co-owners as plaintiffs would have defeated diversity jurisdiction.

Appellant relies on Alexander v. Washington, 5 Cir. 1960, 274 F.2d 349, for the proposition that co-owners of real estate participating in a contract with respect to the land must be joined in a suit involving the agreement. That case reflects an approach used by courts in determining questions of joinder before the adoption of the amended F.R. Civ.P. 19(b).

The question here, however, is whether under the new Rule 19(b), effective in 1966, the co-owners were indispensable parties. This rule directs the court to determine the indispensability of parties not on formalistic grounds but rather on pragmatic analysis of the effect of a potential party's absence. See Provident Tradesmens Bank & Trust Co. v. Patterson, 1968, 390 U.S. 102 and 119 n. 16, 88 S.Ct. 733, 19 L.Ed.2d 936 and 950 n. 16; Kaplan, "Continuing Work of the Civil Committee; 1966 Amendments to the Federal Rules of Civil Procedure (I)," 81 Harv.L.Rev. 356 (1967). With such an approach, it is proper for the district judge to consider the probable

outcome of the case in determining whether absent parties are indispensable.

Under the approach of the new rule, we can see no reason why the action below required the joinder of the co-owners and the dismissal of the case in their absence. The interests of neither Peace nor the absent co-owners seem to be affected by their absence. Defendant Peace has specified no injury to her interests that would arise from the failure to join the absent co-owners. The obvious effect (and the likely purpose) of the defendant's seeking joinder was to defeat diversity jurisdiction in the federal court. We do not see how Peace's interests could have been injured by the failure to join. Her ability to enforce the contract against the other signers was not in any way affected by their absence from the suit. Nor would the fact that an owner of one-seventh of the property has been relieved of liability under the contract put her in an anomalous position if the other owners should successfully seek to enforce the contract against her. She has shown herself willing to purchase less than the entire ownership interest.

Nor are the absent parties affected prejudicially. If they should seek to enforce the contract, they would have to argue that it became binding without the agreement of all the co-owners, for it is agreed that one co-owner did not agree to the contract. Relieving one signer of liability would not affect the success of this position. If they should seek to avoid the effect of the contract they have not been injured at all. In fact, in a court that recognizes non-mutual collateral estoppel, See Developments in the Law—Res Judicata, 65 Harv.L.Rev. 820, 862–65 (1952), Peace's claim to enforce the contract against them might be barred.

II.

Nor can we agree with the appellant's contention that the court has no jurisdiction or authority over the co-owners of *foreign* realty. The parties to the suit were both United States residents and were personally before the court. The agreement was signed in Florida. And appellant Peace used her position as a licensed real estate broker in Florida to engineer the agreement and owed fiduciary obligations to Floridians by virtue of that license.

In these circumstances there are sufficient Florida contacts to justify a Florida state courts' finding jurisdiction of a suit for declaratory judgment; here, in effect, the district court sat as a state court. See Jackson v. Jackson, Fla. App., 129 So.2d 692. What substantive law Florida would apply is a different question. When dealing with contracts to sell land, rather than actual conveyances, courts have sometimes applied the substantive law that would be applied under the conflicts rule dealing with contracts in general. See Ehrenzweig, Conflicts of Law 613 (1962); Restatement, Conflict of Laws § 340 (1934); Restatement Second, Conflict of Laws § 346(e), Illustration No. 2 (Tent.Draft No. 6, 1960). Thus Florida courts might apply Florida law here because of its strong interest in the parties and the contract. But see Kyle v. Kyle, Fla.App.1961, 128 So.2d 427.

Even if Florida courts would be willing to apply Bahamian law here, the party relying on foreign law must plead and prove it. Peace, though now asserting that Bahamian law should govern the transaction, made no allegations in her pleadings, nor any showing at any point in the litigation, as to what is the relevant Bahamian law. In the absence of any such showing, the district court was entitled to assume that Bahamian Law was the same as Florida law. See Movielab v. Davis, Fla.App.1969, 217 So.2d 890; McCown v. Geller, 1950, 67 Nev. 54, 214 P.2d 774; *Ehrenzweig* at 362.

III.

Peace further contends that the court erred in enjoining prosecution of the

suits she had pending in the Bahamian courts.

In certain circumstances it is proper for courts of equity to enjoin parties from prosecuting claims before courts of another jurisdiction. This is the law in Florida.

This power of a court of equity of one state to restrain its own citizens from prosecuting actions in a sister state when such actions serve to vex, harass, or oppress an opponent is too well established to admit of controversy.

Groff G.M.C. Trucks v. Driggers, Fla. App.1958, 101 So.2d 58. And it is the generally accepted rule.

In the following typical situations an American court will be willing to enjoin foreign proceedings which involve the same parties and the same cause of action: (1) where the foreign suit was brought by a resident of the forum state against another resident of the state to evade a protection provided for the latter under forum law * * * or where the foreign suit would be vexatious in other respects * * *.

Ehrenzweig at 129–30.

■ At issue here was the validity of a contract signed in Florida by Florida residents. Additionally, one of the parties to the contract, the defendant, was acting in her capacity as a licensed Florida real estate broker, a position involving fiduciary obligations under the law of Florida. Moreover, the pleadings of the plaintiff alleged, and witnesses testified to the same effect, that Peace acted fraudulently in inducing the owners of the land to sign the agreement and in other respects.

The hearing on the issue of the alleged fraudulent practices of Peace was interrupted by the trial court's granting of summary judgment as to invalidity of the contract on two grounds. (1) As a matter of law, the contract was a joint contract and therefore the failure of one of the co-owners to sign it prevented the agreement becoming a binding contract. (2) At most the agreement was an option and expired of by its own terms eighteen months after the signing. The court, therefore, could properly enjoin the defendant from future harassment through litigation based on a contract that was inoperative.

The decision of the district court to grant an injunction is one within its discretion. Groff GMC Trucks v. Driggers, *supra*. Since the court found the agreement invalid on its face, the court was within its discretion in relieving the plaintiff of expense and vexation of having to litigate in a foreign court. Additionally, the court could consider the State of Florida's interest in regulating the activities of its licensed real estate brokers to prevent them from taking advantage of those to whom they owed a fiduciary obligation.

### IV.

■ We find, however, that the scope of the injunction is overbroad in that it attempts to affect rights between Peace and the co-owners who were not parties to the action.[1] The injunction should

1. The district court order reads in part as follows:

(2) That Exhibit "A", recorded in Volume Book 568, at pages 281 to 284, in the office of the Registrar General of the Bahama Islands located in Nassau, New Providence Island, is null, void and of no effect, and the defendant VERONICA M. PEACE acquired no interest in the land described therein by virtue of said Exhibit "A", and she is permanently enjoined and restrained from assigning, encumbering or otherwise disposing of said Exhibit "A" to any person, firm or corporation in any manner whatsoever;

(3) That the defendants, their agents, attorneys, successors and assigns are each and every hereby severally enjoined and restrained permanently from claiming by, through or under said Exhibit "A", or by virtue thereof, any right, title or interest whatever in and to the property

not seek to restrain Peace with respect to their interests.

\* \* \*

We affirm but remand with instructions that the injunction be limited to prohibiting the defendant from taking any such action as proscribed by the district court's injunction insofar as it would affect the interest of the plaintiff Edward Bethell.

Albert V. Bryan, Circuit Judge, dissented and filed opinion.

therein described, located on the Island of Great Abaco and known as the "Boiling Hole Tract" and the "Sugar Plantation Tract" of land;

(4) That the defendant VERONICA M. PEACE is hereby enjoined and restrained permanently from proceeding further with said action filed in the Supreme Court of the Bahama Islands June 10, 1968, on the common law side of said Court under No. 180, and is ordered to dismiss said action;

(5) That the defendants VERONICA M. PEACE and ANNIE ULCHAR, their agents, attorneys, successors and assigns, be and they are each hereby severally enjoined and restrained permanently from claiming in the Supreme Court of The Bahama Islands in Case No. 104 filed November 17, 1967, on the equity side of said Court, any right, title, interest, claim or demand whatever in and to the property therein described by, through or under said Exhibit "A", or by virtue thereof, and said defendants are ordered to withdraw any such claim or claims from the consideration of said Court \* \* \*