## SHELL WESTERN E & P INC.

### v.

### Joseph B. DUPONT.

### Civ. A. No. 92–1067–B.

United States District Court,
M.D. Louisiana.

Sept. 29, 1993.

---

Mark Brent Meyers, Shell Oil Co., Legal Dept., and Robert Louis Theriot, John M. Wilson, and Carol Landis Dunne, Liskow & Lewis, New Orleans, LA, for plaintiff.

William C. Dupont, Dupont, Dupont & Dupont, Ltd., Plaquemine, LA, for defendant.

**RULING ON DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY AND FOR LACK OF SUBJECT MATTER JURISDICTION**

POLOZOLA, District Judge.

This action arises out of a dispute between the parties as to the rights of Shell Western E & P Inc. (Shell Western), a Delaware corporation with its principal place of business in Texas, under a mineral lease to con-

duct oil production operations on a tract of land in Iberville Parish. The defendant, Joseph B. Dupont, a Louisiana domiciliary, is a co-owner in indivision of the tract of land subject to the mineral lease.

In September of 1950, Jacob Baist in his capacity as president of Baist Cooperage & Lumber Company, Inc. (Baist Cooperage) granted a mineral lease in favor of Shell Oil Company over 642.51 acres in Iberville parish, hereafter referred to as the "Baist tract". Baist Cooperage granted a surface lease over the same tract on December 13, 1967, in conjunction with the mineral lease. Pursuant to these leases, Shell constructed a central gathering and treatment facility to serve the Bayou Sorrel field. Half of this facility lies on the Baist tract. In the early seventies, Baist Cooperage was liquidated, and the ownership of the entire tract passed to its shareholders in indivision. Presently, there are fifty-two co-owners, which include seven who are residents of Texas. Joseph B. Dupont, in his capacity as a co-owner and as a mandatary for other co-owners, controls nearly seventeen percent of the ownership in indivision of the Baist tract.

On December 2, 1992, William C. Dupont, an attorney who purported to represent all of the Baist tract co-owners, sent a letter to Shell Western notifying it of the expiration of the surface lease which was dated December 13, 1967. The letter also demanded that Shell Western terminate disposal or the injection of salt water on the tract and sought removal of all pipelines and equipment from the tract within six months, as per the surface lease. Subsequently, three co-owners of the Baist tract filed a class action suit in state court against Shell Western and four of its employees, all of whom were residents of Louisiana. Contending that the four employees were fraudulently joined, Shell Western removed the action to federal court. At plaintiff's written request, the suit was dismissed without prejudice.[1]

In October of 1992, another class action suit was commenced against Shell Western in state court by the same three co-owners and an additional co-owner who was a resident of Texas. The plaintiffs alleged that: (1) Shell Western failed to bury pipelines located on the tract as required by the mineral lease; (2) such pipelines and voluminous trash and garbage constitute a nuisance; (3) Shell Western is causing irreparable harm to the property through the discharge of hazardous and noxious material; and, (4) Shell Western has arbitrarily refused to release property not under production in accordance with Louisiana law. The state court judge certified the case as a class action. Shell Western has appealed the certification of that suit as a class action to the Louisiana First Circuit Court of Appeal.

Shell Western, relying on 28 U.S.C. § 1332 as its basis for subject matter jurisdiction, then filed a complaint in this Court seeking a declaration of its rights under the mineral lease "despite the expiration of the surface lease." Joseph B. Dupont was named as a defendant in the federal action individually and as mandatary for other co-owners. More specifically, Shell Western seeks to have this Court declare that: (1) Shell Western has the right to operate the central facility, pipelines, and equipment located on the Baist tract; (2) Shell Western has the right to inject salt water into injection wells located on the Baist tract even though the salt water is produced off the tract; (3) the defendant's attempt to shut down the facility disturbs Shell Western's right to the peaceable possession of the Baist tract and violates Article 119 of the Louisiana Mineral Code; and, (4) the defendant has no right to take further action against Shell Western without the consent of all the owners in indivision of the Baist tract.

In response to Shell Western's complaint, Joseph B. Dupont filed a motion to dismiss for lack of the requisite diversity of citizenship.[2] The plaintiff has filed an amended and supplemental complaint, but no additional parties were added to the suit. In this amended complaint, Shell Western also seeks

---

**1.** See Fed.R.Civ.P. 41(b).

**2.** A motion to dismiss for failure to join a party required by Rule 19 of the Federal Rules of Civil Procedure is filed pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure. A motion to dismiss for lack of subject matter jurisdiction is filed pursuant to Rule 12(b)(1).

a declaration that: (1) the defendant does not have the right to act on behalf of all the co-owners of the Baist tract; (2) the surface lease reconducted on a year-to-year basis instead of expiring as alleged in the original complaint; (3) on the date of the execution of a new surface lease by a single co-owner of the Baist tract, the new lease became effective as of December 12, 1992; and, (4) Shell has the right to continue its surface operations under applicable unit agreements, orders and permits issued by the Commissioner of Conservation. For reasons which follow, the Court grants defendant's motion to dismiss.

■ In a diversity case, the question of joinder is one of federal law. State law is relevant "in determining what interest the outsider actually has, but the ultimate question whether, given those state-defined interests, a federal court may proceed without the outsider is a federal matter." [3]

■ Rule 19 of the Federal Rules of Civil Procedure is designed to eliminate the distinction between "necessary" and "indispensable" parties which had sometimes been made by courts.[4] The rule now directs the Court to determine the indispensability of parties based on analysis of the effect of a potential party's absence.[5]

■ Under Rule 19(a), any person who can properly be served and joined without depriving the court of subject matter jurisdiction should be joined if complete relief cannot be granted to those already parties without joinder. In addition, if a party's absence might result in an impairment of its claimed interest in the subject matter of the action or in the exposure of any present party to a substantial risk of incurring multiple or otherwise inconsistent obligations, the person must be joined if feasible.

■ Shell Western argues that the remaining fifty-one co-owners are not persons who must be joined if feasible. It contends that the absence of the remaining co-owners does not prevent this Court from granting complete relief to the present parties because the absent co-owners have not requested Shell Western to cease operations on the Baist tract. Shell Western's argument is inconsistent with its requests in paragraph 26(iv) of the amended complaint. In paragraph 26(iv) Shell Western seeks to have the Court determine whether the execution of the new surface lease by one co-owner binds all the remaining co-owners of the Baist tract. There is simply no decision which the Court can render which will bind the remaining co-owners unless the remaining co-owners are joined as parties.[6]

However, the Court is even more concerned with the substantial risk of exposing the present parties to inconsistent obligations resulting from the disposal of this matter without the joinder of the absent co-owners. The Court cannot assume that there will never be a disagreement between Shell Western and the co-owners over the meaning of the terms of the leases. There is no written evidence that all of the absent parties agree with Shell Western's contentions in this suit. Shell Western seeks to have the Court interpret a multitude of agreements that may or may not confer upon it the right to conduct surface operations for various lengths of time. There is a substantial risk that at least one of the remaining fifty-one co-owners may disagree with Shell Western's interpretation of the agreement or may wish to bring a declaratory or a coercive action. Such a suit could result in a varied interpretation of the agreements and Shell Western's right to conduct surface operations on the Baist tract. Therefore, under Rule 19(a), the remaining co-owners are persons who must be joined if feasible.

---

**3.** *Morrison v. New Orleans Pub. Ser. Inc.,* 415 F.2d 419, 423 (5th Cir.1969) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 125 n. 22, 88 S.Ct. 733, 746 n. 22, 19 L.Ed.2d 936 (1968)).

**4.** *Broussard v. Columbia Gulf Transmission Co.,* 398 F.2d 885, 888 (5th Cir.1968).

**5.** *Bethell v. Peace,* 441 F.2d 495, 496 (5th Cir. 1971).

**6.** *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 110, 88 S.Ct. 733, 738, 19 L.Ed.2d 936 (1968).

**86**

Shell Western's reliance on *Bethell v. Peace*[7] is misplaced under the facts of this case. In *Bethell*, six of seven co-owners entered into a contract to sell their respective undivided interests in a tract of land located in the Bahamas to the defendant. Plaintiff maintained that one of the selling co-owners had already sold his undivided interest to him and sought an injunction to prohibit the defendant from prosecuting her suit for specific performance in the courts of the Bahama Islands and a declaratory judgement that the contract to sell to the defendant was invalid. The court held that the co-owners who executed the contract to sell to the defendant were not indispensable parties within the meaning of Rule 19. The key evidence the court relied on was the fact that the defendant had shown "herself willing to purchase less than the entire ownership interest".[8] Thus, each co-owner's obligation to sell his undivided interest was independent and distinct from the others'. In the present dispute, Shell Western seeks to be declared the owner of the right to conduct surface operations on the entire Baist tract instead of an undivided portion. Therefore, the co-owners are actually joint obligees.[9]

■ Since the joinder of the absent co-owners would destroy subject matter jurisdiction, the Court must now determine whether the action can proceed without the remaining co-owners or whether this case must be dismissed without prejudice for failure to join an indispensable party. If a person who should be joined if feasible under Rule 19(a) cannot be joined, the Court must apply Rule 19(b) to decide whether "in equity and good conscience" the Court may proceed without that party or must dismiss. If the Court finds that the lawsuit cannot proceed

without the absent party, then that party is indispensable.[10] If the indispensable party is also nondiverse, then the Court is compelled to dismiss the case for lack of subject matter jurisdiction.[11]

■ There are four factors which the court must consider and weigh under Rule 19(b) when determining whether to proceed or dismiss the case:

(1) The prejudicial effect, on both present and absent parties, of a judgment rendered in the absence of the party who could not be joined;

(2) The extent to which any such prejudice could be lessened or avoided by measures such as protective provisions in the judgment and by shaping the relief granted;

(3) The adequacy of any judgment rendered in the party's absence;

(4) The adequacy of any remedy the plaintiff might have if the action is dismissed on the basis of nonjoinder.[12]

■ The main prejudicial effect to the parties in this action is that a decision will spawn more litigation on the same issues raised in this suit.[13] Although this is not a dispositive factor, it does weigh in favor of the dismissal of this action.[14]

Also, the availability of other remedies weighs heavily in favor of dismissing the present suit. Shell Western and all of the co-owners will have adequate remedies in the state courts if the federal suit is dismissed. The state courts are as capable as this Court in interpreting and applying state law relating to contracts and immovable property situated in Louisiana. In fact, Shell Western is already a party to litigation initiated by a

**7.** 441 F.2d 495 (5th Cir.1971).

**8.** *Bethell,* 441 F.2d at 497.

**9.** Article 805 of the Louisiana Civil Code states that the "consent of all the co-owners is required for the lease, ... of the entire thing held in indivision."

**10.** *Shelton v. Exxon Corp.,* 843 F.2d 212, 216 (5th Cir.1988).

**11.** *Whalen v. Carter,* 954 F.2d 1087, 1096 (5th Cir.1992) interpreting *Freeport McMoran, Inc. v.*

*K N Energy, Inc.,* 498 U.S. 426, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991).

**12.** *Whalen,* 954 F.2d at 1096; *Cajun Electric Power Coop., Inc. v. Gulf States Utilities Co., Inc.,* 132 F.R.D. 42, 45 (M.D.La.1990).

**13.** *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 110, 88 S.Ct. 733, 738, 19 L.Ed.2d 936 (1968); *Cajun Electric Power Coop., Inc.,* 132 F.R.D. at 45.

**14.** *Shelton v. Exxon Corporation,* 843 F.2d 212, 218 (5th Cir.1988).

class representing the co-owners of the Baist tract. There appears no reason why Shell Western cannot assert its claims for declaratory relief in reconvention in state court. Therefore, the Court concludes that the absent co-owners are indispensable parties to this suit. The Court further contends that this action must be dismissed for lack of subject matter jurisdiction. The Court's decision is supported by *Broussard v. Columbia Gulf Transmission Company.*[15] In *Broussard,* a co-owner was held to be an indispensable party to an action to invalidate a servitude granted over property owned in indivision.[16]

The Court believes the dismissal of this action is an efficient use of judicial resources of both the federal and state judiciaries, particularly where only state law questions are at issue.

Therefore:

IT IS ORDERED that the defendant's motion to dismiss be GRANTED.

Judgment shall be entered dismissing this suit without prejudice.

---

**15.** 398 F.2d 885 (5th Cir.1968).

**16.** *Broussard,* 398 F.2d at 889.